[Lewis v. The State.]

# Lewis *v.* The State.

### *Indictment for Selling Spirituous, Vinous or Malt Liquors without a License.*

1. *Constitutional law; construction of statute.*—The inclusion in a statute of matters which, though not mentioned in the title, are cognate to the subject expressed by the title, does not render such statute unconstitutional, as being in violation of section 2, Article IV of the Constitution, which provides that each law shall contain but one subject which shall be clearly expressed in its title.

2. *Same; amendment of statute.*—An amendatory act which refers to the title of the statute amended and sets forth in full the statute as it is to be read as amended, though it does not recite the act as it originally stood, sufficiently complies with section 2, Article IV of the Constitution, which provides that no law shall be amended by reference to its title only, but so much thereof as is amended shall be re-enacted and published at length.

3. *Same; right of trial by jury.*—An act of the General Assembly to regulate the trial of misdemeanors in a particular county, which provides for the trial thereof in the county court of said county without a jury, and also provides that on demand of the defendant the cause shall be removed to the circuit court and tried by a jury, is not unconstitutional as depriving the defendant of the right to a trial by jury.

APPEAL from the County Court of Sumter.

Tried before the Hon. W. R. DeLOACH.

The appellant was indicted, tried and convicted for selling spirituous, vinous or malt liquors without a license and contrary to law. The indictment was preferred by the grand jury of the circuit court. The defendant demurred to the indictment upon the ground that the proceedings in this cause are to be had under an act of legislature, approved on January 27, 1899, entitled "An Act to amend an act to regulate the trials of misdemeanors in Sumter county, approved December 8,

1882," and that said amendatory act is unconstitutional and void. The grounds of this unconstitutionality, as contended for by the defendant, are sufficiently stated in the opinion. This demurrer was overruled.

The cause was tried by the court without a jury, and upon the hearing of all the evidence a judgment of conviction was rendered.

SMITH & HARKNESS, for appellant, cited 23 Amer. & Eng. Encyc. of Law, notes pp. 280, 281; *White v. Burgin,* 113 Ala. 170; *Montgomery v. State,* 107 Ala. 383; *Bay Shell Road v. O'Donnell,* 87 Ala. 376; *Miller v. Berry,* 101 Ala. 531; *Stewart v. Court County Commissioners,* 82 Ala. 209.

CHAS. G. BROWN, Attorney-General, for the State. The act plainly provides that the defendant can demand and have a trial by jury, and is analogous to provisions as to county court under the old penal code.—Code of 1896, § 4615; *Connelly v. State,* 60 Ala. 89; *Thomas v. State,* 107 Ala. 63.

The act as an amendatory statute is sufficient and not unconstitutional.—*Montgomery v. State,* 107 Ala. 384.

SHARPE, J.—The indictment in this cause was found by a grand jury of the circuit court. Under the provisions of the act of January 27, 1899, entitled "An act to amend an act to regulate the trial of misdemeanors in Sumter county, approved December 8th, 1882," the cause was transferred to the county court where the trial and conviction were had.

It is contended that the amendatory act is in violation of section 2, Article IV of the Constitution. That position cannot be maintained. The statute relates to but one subject, viz., the regulation of the trial of misdemeanors in Sumter county, which is clearly expressed in its title, and our attention has not been directed to any matters included in the body of the act which is not sufficiently comprehended in the title. The inclusion in the act of matters which are not mentioned in the title, but which are cognate to the subject expressed by the title does not render the bill unconstitutional.—*Ballentyne v.*

*Wickersham,* 75 Ala. 533; *White v. Burgin,* 113 Ala. 170.

The amendment is not effected by reference to the title only of the former statute, but that statute is set out in full as it is made to read after amendment. This is a sufficient compliance with the constitutional requirement relating to the amendment of statutes without reciting the act as it originally stood.—*Montgomery v. State,* 107 Ala. 384; *Wilkinson v. Ketler,* 59 Ala. 306.

It is further claimed that the act is unconstitutional in not providing for a trial by jury in the county court. It has long been settled that under our Constitution—section 9 of the declaration of rights—the legislature may provide for prosecutions and trials of misdemeanors before inferior courts without a jury when no jury is demanded.—*Connelly v. State,* 60 Ala. 89. The constitutional right of trial by jury is sufficiently guarded by the act in question which gives the defendant the option to demand a jury, and by providing in such case for the transfer of the cause to the circuit court, where a jury trial may be had. In *Collins v. State,* 88 Ala. 212, relied on by the defendant, the jury provided for by the act condemned was to consist of only eight men which was held not to be a jury within the meaning of the Constitution, and no other mode of obtaining a jury was made possible. It appears from the record that an order was made by the county court looking to the transfer of the cause to the circuit court for a jury trial. The trial, however, was proceeded with in the county court presumably by the defendant's consent, since no exception was reserved.

The demurrer to the indictment was without merit.

The question as to the constitutionality of the act is not properly raised by the demurrer, but it has been considered as involving the validity of the judgment.

No error appearing in the record, the judgment of the trial court will be affirmed.