# Fourment *v.* The State.

### Violating Nine O'Clock Closing Law.

(Decided April 9, 1908.   46 South. 266.)

1. *Habeas Corpus; Grounds; Want of Jurisdiction.*—One under an assumed- and exercised judicial jurisdiction of matter and person, may, under section 4839, Code 1896, institute habeas corpus to investigate the existence of jurisdiction, but cannot institute habeas corpus for the investigation of an erroneous or irregular exercise of existing jurisdiction.

2. *Words and Phrases; Saloon.*—A saloon, in common parlance, is a place where intoxicating liquors are kept and sold at retail.

3. *Statutes; Enactment; Amendment.*—The title to the bill was "to further regulate opening, closing, keeping and selling or giving away spirituous, etc., liquors under a license operating saloons, etc., and to punish the violation thereof."   And the title of the substitute which became the law was "To further regulate the opening, closing and operating saloons and giving away or selling spirituous, etc., liquors, under a license, etc., and to punish violations thereof." Held, that the title of the substitute was but an expansion of the title of the original bill, and not a departure from the purpose of the original bill within the meaning of section 61, Constitution 1901.

4. *Same; Title; Sufficiency.*—The title of the act approved Aug. 2, 1907. (Acts 1907, p. 518,) is not violative of the provisions of section 45, Constitution 1901.

5. *Same; Partial Invalidity.*—Notwithstanding that a portion of the Act approved March 2, 1907, (Acts 1907, p. 518) which makes it an offense to deliver intoxicating liquors during prohibited hours is invalid, because not embraced within the title, this fact does not affect the other provisions of the act, which are valid.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Z. Frank Fourment was convicted of violating the liquor laws, and he applied for habeas curpus for his dis-

charge on the ground of the unconstitutionality of the law. From a judgment denying the writ, he appeals. Affirmed.

Acts 1907, p. 518, is as follows:

"An act to further regulate the opening, closing and operating saloons, and giving away or selling spirituous, vinous or malt liquors under a license from the state and to punish violations thereof.

"Section 1. Be it enacted by the Legislature of Alabama, That from and after January first, 1908, it shall be unlawful for any one authorized by license from the state, to sell spirituous, vinous or malt liquors, or the employe, agent or servent of such person to have open or to admit any one or more persons into the house or place wherein spirituous, vinous or malt liquors are stored, kept or sold, under such license, or to give away or sell any spirituous, vinous or malt liquors in any quantity in or from the house or place where such liquors are stored, kept or sold, before the hour of six o'clock in the morning in any place, town or city, or after the hour of seven o'clock in the evening in places, towns or cities of less than ten thousand inhabitants or after the hour of eight o'clock in the evening in towns or cities of not less than ten thousand nor more than fifteen thousand inhabitants or after the hour of nine o'clock in the evening in cities of more than fifteen thousand inhabitants.

"Sec. 2. That any person or persons having a license to sell spirituous, vinous or malt liquors, or the agent, employe or servant of such person or persons who directly or indirectly sells or gives or delivers any spirituous, vinous or malt liquors to any person in or from such house or place in which license authorizes the doing of business at any time prohibited by this act shall be guilty of a misdemeanor and on conviction shall be fined not less than fifty nor more than five hundred dol-

[Fourment v. The State.]

lars and may also be imprisoned in the county jail or sentenced to hard labor for the county for not more than six months.

"Sec. 3. That when any person is convicted for a violation of this act a copy of such conviction shall be certified by the clerk of the court wherein such conviction is had to the judge of probate of the county, and on it being shown to the probate judge that the person having such license or his agent, employe or servant has been convicted for two violations of this act the probate judge shall cancel such license to sell spirituous, vinous or malt liquors.

"Sec. 4. That an indictment for a violation of this act shall be sufficient if it charges 'that —— having a license to sell spirituous, vinous or malt liquors, or being the agent, employe or servant of one having such license did keep open saloon, or sell or give away spirituous, vinous or malt liquors in or from a house or place where such liquors were kept, stored, or sold or did admit persons into such house or place at an unlawful hour and contrary to law and so forth.'

"Sec. 5. The number of inhabitants in any city or town or place shall be determined by the last legally authorized census.

"Approved Aug. 2, 1907."

ERWIN & MCALEER, and B. B. BOONE, for appellant. Counsel contend that the Act under consideration is unconstitutional and void and cite in support thereof.—Cooley's Const. of Lim. 58 and 65; 24 A. & E. Ency of Law, 1177 and cases cited; *Stein v. Leeper*, 78 Ala. 519; *Bienville Water Supply Co. v. Mobile*, 186 U. S. 212; *Howard v. Cent. R. R. Co.*, U. S. Sup. Court, Jan. 6, 1908; *Ill. Cent. R. R. Co. v. McKenzie*, 203 U. S. 514; *Mitchell v. The State*, 134 Ala. 412; *Mobile Dry Docks Co. v. Mobile*, 146 Ala. 208; *Ex parte Reynolds*, 87 Ala.

[Fourment v. The State.]

114; *Ballyntine v. Wickersham*, 75 Ala. 533.; *B. & P. S. Co. v. Lucas*, 119 Ala. 209; *State v. Southern Ry. Co.* 115 Ala. 250; *Ex parte Cowart*, 92 Ala, 94; *Woolf v. Taylor*, 98 Ala. 254; *Ex parte Gayle*, 108 Ala.514; *City of Mobile v. L. & N. R. R. Co.* 124 Ala. 141; *Bradley v. The State*, 99 Ala. 178; *Ramagno v. Crook*, 87 Ala. 229. Habeas corpus is the proper remedy.—*Ex parte Moore*, 62 Ala. 475; *Ex parte Cowart, supra; Ex parte Huback*, 20 Am. St. Rep. 226; Church on Habeas Corpus, (2nd. Ed.) p. 401.

ALEXANDER M. GARBER, Attorney-General, and THOMAS W. MARTIN, Assistant Attorney-General, for the State. The attack on the constitutionality of the law cannot be raised on such a collateral proceeding as habeas corpus.—*City of Selma v. Till*, 42 South. 405; *Towery v. The State*, 143 Ala. 59; *State v. Horned*, 95 Ala. 176. The act assailed is constitutional.—*City Council of Montgomery v. National Building & Loan Assn.* 108 Ala. 336; *Davis v. The State*, 130 Ala. 148; *State v. Buckley*, 54 Ala. 599; *Hall v. Steele*, 82 Ala. 582; *Southern Ry. Co. v. Mitchell*, 139 Ala. 629.

McCLELLAN, J.—Where one is in custody which is predicated upon an assumed and exercised judicial jurisdiction of matter or person that it is asserted did not legally exist, habeas corpus is the remedy to institute an investigation of the existance of such jurisdiction; an inquiry very different from one involving the merely erroneous or irregular exercise of existent jurisdiction. Code 1896, § 4838; *Exparte Sam*, 51 Ala. 34; *City of Selma v. Till*, 42 South. 405; Church on Habeas corpus, §§ 356, 352. That this remedy, under the conditions defined, is appropriate, has, on several occasions, served to invite, without question, the decision of this court.

We therefore take up for review the constitutionality of the act approved August 2, 1907. Acts 1907, pp. 518-519. This bill was, by the Senate, substituted for Senate Bill 344. The latter bill had been introduced and referred to a standing committee of that body which committee had, before the substitution, regularly considered it and reported thereon favorably. The title of the original bill was: "To further regulate opening, closing, keeping and selling or giving away spirituous, vinous or malt liquors under a license operating saloons in the state of Alabama and to punish the violation thereof." We are not advised further than is indicated by the quoted title what the contents of the bill was. The title of the substitute, which became the enactment is: "To further regulate the opening, closing and operating saloons, and giving away or selling spirituous, vinous or malt liquors under a license from the State and to punish violations thereof." It is objected that the substitution of the latter for the former bill violated this provision of section 61 of the Constitution: "* * * And no bill shall be so altered or amended on its passage through either House as to charge its original purpose." It is also objected that the title to the enactment embraces two subjects, in violation of section 45 of the Constitution, unless it is construed to have application only to saloons. We will treat both objections at once.

The original purpose, evinced by the title to the original bill, was to regulate the sale or giving away of liquors through a regulation of the saloon. The "saloon," in common parlance, is a place where intoxicating liquors are sold. It has other definitions, but the context leaves no room for doubt that its meaning was intended to be as we have stated. More minutely viewed, the original purpose was to regulate the disposition of intoxicants by subjecting the more common agency thereof—

8 C

[Fourment v. The State.]

the saloon—to regulation in respect to opening and clos-
ing, keeping and selling or giving away the defined liq-
uors. The title to the substituted measure reaffirms in
the main, in its first sentence, this idea of regulation
through the saloon; but the succeeding phrase employs
language sufficiently comprehensive to include, for the
essential purpose of conveying notice to the members of
the Legislature and to the public as well, the regulation
of the sale or giving away of spirituous, vinous or malt
liquors through, by, or from any agency in the state
holding a license to deal in the liquors described. There
are two kinds of licenses issuable under which liquors
may be dealt in, viz., to the retailer, and to the whole-
saler. If, as is urged, we should interpolate in the cap-
tion to the enactment the words "by them" (meaning
saloons), after the word "selling," an unwarranted limi-
tation would be put upon the term "license" as it is used
in the title, and the result would be to exclude every oth-
er class of licensable agencies dealing in the sale of such
liquors in this state.

It is apparent, from a comparison of the titles and the
enactment as well, that the substitute was but an exten-
sion—an expansion—of the original method by which
the regulation desired was to be effected; that the grea-
ter, embraced in the comprehensive second phrase of the
title to the substitute, includes the lesser, the saloon.
That such an extension or expansion did not operate a
departure from the original purpose as indicated by the
title to the original bill, and that, hence, was not amena-
ble to the constitutional requirement with respect to
new bills (Const. § 61), is a conclusion supported, in
principle, by the following decisions of this court: *Stein
v. Leeper,* 78 Ala. 519; *State v. Buckley,* 54 Ala. 599; *Hall
v. Steele,* 82 Ala. 562, 2 South. 650; *Sou. Ry. v. Mitchell,*
139 Ala. 629, 37 South. 85.

[Morrison v. The State.]

Coming to the body of the enactment, the act itself in all its provisions, except in the one respect to be mentioned, is so palpably referable and cognate to the subject expressed in the title that we merely direct the reporter to set out the bill as a demonstration of the correctness of this conclusion.

The exception just above referred to is the word "delivers" as it appears in section 2 of the act. Without deciding but conceding it for the purposes of this decision only, we are of the opinion that term may be stricken from the act as without the scope of the subject expressed in the title, and that there will remain "a complete statute, sensible, and capable of being executed and wholly independent of the rejected word 'delivers.' "—*State v. Davis,* 130 Ala. 148, 30 South. 344, 89 Am. St. Rep. 23.

The act is constitutionally free from the objections urged on this appeal, and the order remanding the petitioner is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.