## State, *ex rel.* Ham *v.* Brock, Clerk.

### *Mandamus.*

(Decided February 14, 1913.   61 South. 646.)

1. *Courts; Abolishment; Validity.*—Section 171, Constitution 1901, refers to courts created by the Constitution, and hence, such section is not violated by Local Acts 1911, p. 30, abolishing the Coffee County Court, and transferring pending causes to the circuit court.

2. *Constitutional Law; Delegation of Powers; Transfers of Causes.* —Local Acts 1911, p. 30, providing for the abolishing of the county court of Coffee county, and the transfer of pending causes to the circuit court by the clerk of the abolished court is not violative of sections 42 or 139, Constitution 1901.

3. *Statutes; Title; Subject.*—Although its title is lengthy, it expresses the subject of the act, and hence, Local Acts 1911, p. 30, is not violative of section 45 of the Constitution of 1901.

4. *Same.*—If it comprehends everything in the act, and contains but one subject the title may be as broad as the legislature chooses to make it.

5. *Same.*—Whatever is referable and cognate to the general subject or whatever is necessary to a complete enactment in regard to it, or results as a complement to the general expression, or is necessary to the end in view, is authorized, though not in terms included in the title.

6. *Same.*—The exigencies of legislation are such as to require that section 45 of the Constitution should not be so strictly construed as to cripple legislation by prohibiting the insertion of matters not included in the title of an act, but which are proper for the accomplishment of the object expressed.

7. *Same.*—The fact that Local Acts 1911, p. 30, provides in its body for the transfer of pending causes by the clerk of the court

abolished, which is not mentioned in the title, does not render it violative of section 45 of the Constitution.

8. *Same; Local Laws; Notice.*—The fact that the notice of intention to apply for the passage of Local Acts 1911, p. 30, did not refer to the transfer by the clerk of the abolished court of the causes pending on its docket, did not render it violative of section 106, Constitution 1901, where the notice referred to the transfer of such causes.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Mandamus by the state on the relation of J. N. Ham against S. H. Brock as clerk of the circuit court of Coffee county, to compel said clerk to issue a warrant for the payment of salary alleged to be due relator as judge of the Coffee County Court. From an order denying the writ relator appeals. Affirmed.

W. W. SANDERS, for appellant. The decision in the case of *Elba Drug Co. v. Lee*, 3 Ala. App. 570, is not res judicata as to the questions here presented.—*Williams v. Elman*, 58 South. 315; 8 Cyc. 728. Local Acts 1911, p. 30, under which the court justified its decision is violative of section 171, Constitution 1901.—*Finlea v. Farrish*, 160 Ala. 235; *Winter v. Sayre*, 118 Ala. 1; *Larkin v. Simmons*, 155 Ala. 273. The act is also violative of section 45, in that there is nothing in its title to indicate that the powers of transferring the causes pending in the abolished court was to be delegated to the clerk.—*Ex parte Thompson*, 52 Ala. 101; *Dudley v. B'ham*, 139 Ala. 453; *Norvell v. Brotherton*, 143 Ala. 561; *Larkin v. Simmons, supra; Watson v. State*, 140 Ala. 134. This is not a case where a part of the act can be stricken, and the other become effective.—*Yerby v. Cochran*, 101 Ala. 541; *Harper v. State*, 109 Ala. 28.

RILEY & CARMICHAEL, for appellee. No brief reached the Reporter.

[State, ex rel. Ham v. Brock, Clerk.]

MAYFIELD, J.—This is an appeal by the petitioner, Ham, from an order of the circuit court denying his application for a writ of mandamus to compel the clerk of the circuit court of Coffee county to issue a warrant against the county of Coffee for the payment of salary alleged to be due the petitioner as judge of the county court.

The writ in our opinion was properly denied by the judge of the circuit court for the reason assigned—that the act creating the county court and providing for the appointment of a judge thereof and for the payment·of his salary was repealed by a local act of the Legislature (Local Acts 1911, p. 30). It is conceded by the petitioner that if the repealing act is a valid law—that is, if it was constitutionally enacted—the writ was properly denied; and, on the other hand, it is conceded that, if the act was not constitutionally enacted, then the writ should have been awarded.

The grounds assigned for the unconstitutionality of the local act are (1) that the notice given of the intention to apply for the passage of the act was not sufficient to comply with section 106 of the Constitution; (2) that the title of the bill or act is violative of section 45 of the Constitution; (3) that the act is violative of sections 42 and 139 of the Constitution, in that it attempts to delegate powers essentially judicial to executive officers or agencies; and (4) that it violates section 171 of the Constitution, in that it abolishes a court without conferring its jurisdiction upon some other court.

This particular local act was before the Court of Appeals for construction in the case of *Lee v. Elba Drug Co.*, 3 Ala. App. 570, 58 South. 58. The act was in that case upheld as a valid enactment. It is true that all the attacks now made upon the act were not then made.

The opinion in that case discusses chiefly the question whether or not the act is violative of section 171 of the Constitution as to abolishing a court without conferring its jurisdiction and functions upon another court. What was said by WALKER, P. J., in the opinion in that case, is, we think, both apt and conclusive of the questions discussed and decided; and we adopt it as a part of the opinion in this case.

We do not think this act is void because of its title. While the title may be unnecessarily lengthy, it is perfectly apparent that the body contains but one subject and that that subject is clearly expressed in the title, and that the act is not, therefore, violative of section 45 of the Constitution. It has been repeatedly held by this court that this section of the Constitution is complied with when the title and the bill are such as we find in this case.

The title of a bill may be as broad as the Legislature may choose to make it, if it comprehends everything in the bill, and contains but one subject.—*Bell v. State,* 115 Ala. 87, 22 South. 453; *Ballentyne v. Wickersham,* 75 Ala. 533.

Whatever is referable and cognate to the general subject, or whatever is necessary to a complete enactment in regard to it, or results as a complement to the general expression or is necessary to the end in view, is authorized.—*Ex parte Birmingham,* 116 Ala. 186, 22 South. 454.

The exigencies of legislation require that this provision should not be so strictly construed as to cripple the Legislature by prohibiting the insertion of matters not included in the title, but which are proper for accomplishment of the object expressed.—*Ex parte Birmingham,* 116 Ala. 186, 22 South. 454.

We do not agree with counsel that there is anything misleading in the title as to the transfer of pending causes to other courts. If the court is abolished, it is certainly proper to provide for the transfer and some person or officer has to be authorized and charged with the duty to make the transfers. The act could not provide an automatic transfer of the pending cases, and we know of no fitter person to be authorized to make the transfers than the clerk of the court.

We do not think that this mode of transfer involved any warranted delegation of judicial powers or functions to executive or ministerial officers. Clerks and registers are frequently clothed by statute with powers and duties nearer judicial than the authority here conferred upon the clerk. In fact, section 139 of the Constitution expressly authorized the Legislature to invest certain persons with powers of a judicial nature. This question was discussed at some length in the case of *State ex rel. Vandiver v. Burke,* 175 Ala. 561, 57 South. 870, where it is said: "Since the Constitution of 1875 the Legislature has had this express authority for conferring certain parts of the judicial power of the state—theretofore conferred or conferable only upon the tribunals or courts mentioned or provided for in the previous Constitutions of 1819, 1861, and 1865—upon certain designated persons. This change of the Constitution was no doubt suggested, and rendered proper and appropriate, if not necessary, by the first penal Code of the state, which was adopted by the Legislature in the year. * * * Again, certain judicial functions from the beginning of our state government have been conferred by the Legislature upon certain persons or officers well known not to be learned in the law—as, for instance, clerks, registers, masters of the courts, and sheriffs. And evidently to obviate all

doubt upon this subject, the Constitution of 1901 (section 139) expressly authorized such investiture of the judicial power. As example of legislative availment of this authority, it may be noted that by statute many judicial functions are conferred upon registers in chancery, in addition to their clerical duties, and they are made ex officio judges of the probate court, when the judge thereof is disqualified. Coroners are made both judicial and executive officers, and are ex officio sheriffs, when there is no sheriff to act. The constitutionality of these statutes has never been questioned nor doubted, so far as we are advised."—175 Ala. 561, 57 South. at pages 872, 875.

The only reason assigned or insisted upon as a basis for the alleged invalidity of the notice of the intention to pass the local bill is that there was not sufficient notice of the provisions of the act as to the transfer of pending cases. This contention is fully answered in what we have said as to the title of the bill and the provisions for the transfer by the clerk of the court.

We are fully persuaded that the act in question is not open to any of the attacks made upon it, and that the trial court properly denied the application for the writ of mandamus.

Affirmed.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.