(118 So. 235)

## CLIFTON v. STATE. (5 Div. 711.)

Court of Appeals of Alabama. June 19, 1928.

Rehearing Denied June 30, 1928.

Arthur B. Chilton, of Montgomery, and Merrill & Field, of Anniston, for appellant.

Richard T. Rives, Sp. Asst. Atty. Gen., for the State.

BRICKEN, P. J. This is an action of assumpsit brought by the state of Alabama against Henry Clifton, appellant, to recover the excise or privilege tax on the gross receipts of taxicab or bus, operated for hire by appellant, as provided by section 3b, p. 332, Acts 1927. Said act is also known as H. B. 419, approved August 25, 1927, and provided that said act shall go into effect on October 1, 1927. There was judgment in the lower court for the state, from which an appeal was taken, in which it is insisted that said act is unconstitutional; this being the only point of decision involved. The cause was submitted in the trial court upon an agreed statement of facts rendering the defendant liable for the privilege tax, if said act is a valid enactment.

In order that there may be a clear understanding of the insistence of appellant, and of the opinion of the court, the title of the act as originally introduced and as finally passed are herein set out. As originally introduced the title read as follows:

"A bill to be entitled an act to amend sections 5, 10, 13, 16 and 22 of an act entitled 'An act relating to and to further provide for the revenue of the state of Alabama, by providing for the registration and identification of motor vehicles, motor tractors, jitney busses and trailers, used on the public highways of Alabama, and for the registration or license fee therefor, and to further provide for the revenue for the state of Alabama,' approved September 13th, 1923."

The act sought to be amended by the bill appears on page 284 of the Acts of 1923. When the bill, whose title is set out above came to its final passage, a substitute was offered and passed with the following title:

"An act, relating to and to further provide for the revenue of the state of Alabama, by providing for the registration and identification of motor vehicles, and trailers used on the public highways of Alabama and for the registration and license fee therefor, and to further provide for the revenue of the state of Alabama."

The particular part of the act pertinent to the inquiry here is section 3b of the act, which reads as follows:

"Section 3. (b) Each automobile, motor car, or motor bus, except a jitney bus, used for the transportation of passengers, paying fare or charges, shall pay in addition to the above tag license, 3% of the gross income on all intrastate business transacted in this state, and upon the proportionate parts thereof, when all the regular route as indicated is not within the state. The payment of the 3% of the gross income on all business shall be made regularly and on proper form as provided by the tax commission, on January 1st, April 1st, July 1st, and October 1st, for the quarter or part thereof just preceding."

The first insistence is that section 3b is not cognate or germane to the title of the act as passed, or to the title of the bill as originally introduced, and, further, that the substance of section 3b is not clearly expressed in the title of the bill as originally introduced and as finally passed. In discussing this question no cognizance will be taken of the title of the act of 1923, and argument based thereon will not be considered.

■ A comparison of the title and the body of the act leaves no doubt in the mind of the court that section 3b is cognate and germane to the title; that but one subject is contained in the act which is clearly expressed in the title. The Constitution (section 45) requires no more than this. So. Ry. Co. v. Greene, 160 Ala. 396, 49 So. 404; Lewis v. State, 123 Ala. 84, 26 So. 516; Ham v. State, 156 Ala. 645, 47 So. 126; Ex parte Birmingham, 116 Ala. 186, 22 So. 454; So. Ry. Co. v. Mitchell, 139 Ala. 629, 37 So. 85; Darrington v. State, 162 Ala. 60, 50 So. 396; Ham v. Brock, 180 Ala. 505, 61 So. 646. We have examined the cases relied on by appellant, and find in them nothing to militate against the conclusion above stated.

■ The insistence that the bill was so altered or amended in its passage as to violate the provisions of section 61 of the Constitution cannot be sustained. State v. Buckley, 54 Ala. 599; Cook v. Burke, 177 Ala. 155, 58 So. 984; So. Ry. Co. v. Mitchell, supra; State ex rel. McLellan, 202 Ala. 41, 79 So. 379; Letcher v. State, 159 Ala. 59, 48 So. 805, 17 Ann. Cas. 716; Fourment v. State, 155 Ala. 109, 46 So. 266.

■ The last insistence is that the act in question was not passed in accordance with the requirements of section 63 of the Constitution. A compliance will be presumed, nothing appearing to the contrary. An examination of the journals shows that H. B. 419 was under consideration and was read a third time and passed by a yea and nay vote, which was properly entered upon the journals. The substitution, on the journals, of the title of H. B. 421 for H. B. 419, where the whole context shows that it was H. B. 419 that was considered and passed, was a mere clerical misprision, self-correcting; as it also appears from the same journal that H. B. 421 was on a later legislative day considered and regularly passed. State v. Buckley, supra; State ex rel. v. Skeggs, 154 Ala. 249, 46 So.

268; Bachelor v. State, 216 Ala. 356, 113 So. 67.

The judgment from which this appeal was taken is affirmed.

Affirmed.