32 So.2d 803

**CHEROKEE COUNTY v. SAVAGE.**

7 Div. 930.

Supreme Court of Alabama.

Dec. 11, 1947.

Irby A. Keener, of Centre, for appellant.

Hugh Reed, Jr., of Centre, for appellee.

LIVINGSTON, Justice.

Suit by Hon. F. M. Savage, Judge of the Cherokee Law and Equity Court, against Cherokee County, a municipal corporation, for a declaratory judgment to determine the constitutionality of a local act, enacted by the Legislature of Alabama and approved July 22, 1947, abolishing the Cherokee Law and Equity Court, and for the determination of other questions to be noted later. The suit is filed under and by virtue of sections 156 et seq., Title 7, Code of 1940. No factual controversy exists.

On June 17, 1943, a local act of the Legislature, Local Acts 1943, page 81, was duly adopted creating in and for Cherokee County a court designated as the Cherokee Law and Equity Court. That act made the court so created a court of record, and clothed it with named jurisdiction and functions, including all and singular the jurisdiction and functions of the County Court of Cherokee County, and abolished the said county court. It provided for direct appeals from the Cherokee Law and Equity Court to the Supreme Court and to the Court of Appeals. Other provisions of the act, too numerous to set out here, will of course be found in the act itself.

The complainant, Hon. F. M. Savage, was duly appointed judge of said court, and thereafter he was, at the general election held in the year 1946 and in accordance with the provisions of said act, duly elected and qualified as judge of said court for a term of six years from and after the first Monday after the second Tuesday in January 1947.

As stated, by act approved July 22, 1947, the Cherokee Law and Equity Court was abolished. The abolishing act did not reestablish the County Court of Cherokee County. Cooke, County Treas., v. Burke, Judge, 177 Ala. 155, 58 So. 984; section 45, Constitution of 1901. Nor did it create any other court, and made no provision whatever for the transfer to any other court of the jurisdiction and functions of the Cherokee Law and Equity Court, although the abolishing act does provide that "every case and every cause pending in the Law and Equity Court of Cherokee County, together with the rec-

ords, documents, and papers pertaining thereto, shall be transferred to the courts which have jurisdiction under the general laws of Alabama of the subject matter involved in the case or cause."

■ The Cherokee Law and Equity Court is not a constitutional court. It is a statutory court of record with limited jurisdiction. Its creation was not violative of section 139 of the Constitution of Alabama.

■ It is insisted that the act to abolish this court contravenes section 150 of the Constitution. The argument is that section 150, supra, prohibits diminishing the compensation of justices of the Supreme Court, chancellors and judges of the circuit courts, and other courts of record during their official terms; that complainant is the judge of a court of record, and to abolish the court would necessarily diminish the compensation of the judge during his official term. The argument is unsound. The legislative power to create a court carries with it the power to abolish it. When the court is abolished any unexpired term is abolished also. The judge of such a court takes office with that encumbrance and knowledge. Perkins v. Corbin, 45 Ala. 103, 6 Am.Rep. 698; State, ex rel. Thomas v. Gunter, 170 Ala. 165, 54 So. 283; Lee v. Elba Drug Co., 3 Ala.App. 570, 58 So. 58; State ex rel. Ham v. Brock, 180 Ala. 505, 61 So. 646; Downs v. City of Birmingham, 240 Ala. 177, 198 So. 231; Section 171, Constitution. For like reasons the abolishing act of July 22, 1947, does not contravene sections 173 and 174 of the Constitution. Authorities supra.

■■ It is further insisted that the act to abolish the Cherokee Law and Equity Court is violative of section 171 of the Constitution, which provides that "The Legislature shall have the power to abolish any court, except the supreme court and the probate court, whenever its jurisdiction and functions have been conferred upon some other court."

In Lee v. Elba Drug Co., supra, it was held that the inhibition in the Constitution that the legislature may not deprive a court of jurisdiction without at the same time lodging it in some other tribunal, was directed to the courts created by the Constitution alone, and would not prevent the legislature from abolishing the court which it had itself created, because it fails to confer the functions and jurisdiction of the abolished court upon some other court. This case is based on State ex rel. Winter v. Sayre, 118 Ala. 1, 24 So. 89, 90, where in dealing with the distribution and exercise of the judicial power, it was said: "The system is in itself, and of itself, complete; and, though there has been a grant or reservation to the general assembly of power to establish inferior courts of law and equity, there has not been any part, or any fraction or fragment of judicial power left in abeyance, awaiting the happening of any future event, or the exercise of future legislative power, to vitalize or quicken into activity. If the general assembly never exercised the power to establish inferior courts with which it was clothed, and its exercise is purely matter of legislative discretion, the whole element of sovereignty known as judicial power would exist, confined to tribunals which may properly be said to be of constitutional creation." And, on the proposition now considered, this Court, in the case of State, ex rel. Ham v. Brock, supra, expressed approval of the holding in the case of Lee v. Elba Drug Co., supra. The act of July 22, 1947, does not violate section 171 of the Constitution.

■ The abolishing act of July 22, 1947, violates neither section 6, 7 or 8 of the Constitution of 1901. The act provides that "Every case and every cause pending in the Law and Equity Court of Cherokee County, together with the records, documents, and papers pertaining thereto shall be transferred to the courts which have jurisdiction under the general laws of Alabama of the subject matter involved in the case or cause." Each and every case or cause lawfully pending in the Cherokee Law and Equity Court can be transferred to and tried by other appropriate courts.

The act creating the Cherokee Law and Equity Court provides that prosecutions for misdemeanors committed in Cherokee County may be instituted in said court by affidavit and warrant. Such procedure is authorized by section 8 of the Constitution.

Other criminal cases pending in the Cherokee Law and Equity Court were instituted by indictment. All pending criminal cases can be transferred to other courts and there tried without impinging sections 6, 7 and 8 of the Constitution. Authorities supra.

 But we are compelled to hold that the act of July 22, 1947 is violative of section 106 of the Constitution of 1901.

In order to meet the requirements of said section 106, the proof as to publication must be spread upon the journal of. each house. Such is the plain language of the Constitution. Sellers v. State, 162 Ala. 35, 50 So. 340; Tucker v. State, 231 Ala. 350, 165 So. 249, 253.

The fatal defect is, as shown by the journals, the omission from the publication of notice of an intention to apply to the legislature for passage of the act. As we view it, no notice of such intention ever appeared in any publication. The publication relied on to give such notice was simply a publication, for the required time, of the bill in its entirety. No indication whatever, other than the bill itself, was given of an intention to apply to the legislature for the passage of such a bill. The publication did not even carry the word "notice" as was done in the case of Tucker v. State, supra. The Court, upon rehearing, in the Tucker case said: "The substance of our holding in the foregoing opinion is that notice of an intention to apply to the Legislature for the passage of an act, published in full in the newspaper, does affirmatively appear, if necessarily inferred, viewed from any reasonable standpoint, though in such notice not stated in so many words; that section 106 of the Constitution does not require such notice to so directly state and, therefore, there appears no violation of its letter; and that the act thus published in full under the heading 'Notice,' viewed from the standpoint of common sense and sound reasoning, forestalls any deception of those interested and immediately affected thereby, thus giving full effect to the purpose of the framers of the Constitution, and meeting the substantial requirements of this constitutional provision."

To extend the doctrine announced in the Tucker case, supra, to the point of holding that the mere publication of a bill in its entirety, without more, is sufficient "notice" of an intention to apply to the legislature for its passage, would completely nullify that part of section 106, supra, requiring such notice. There are too many other reasonable interpretations to be ascribed to such a publication. Our rules of liberal construction do not justify such a holding. The abolishing act of July 22, 1947, is therefore unconstitutional and void.

The cause is affirmed in part, and in part reversed and remanded in order that the trial court may enter a decree in conformity with the foregoing opinion.

Affirmed in part, and in part reversed and remanded.

FOSTER, LAWSON, and STAKELY, JJ., concur.

SIMPSON, J., concurs in the result.

GARDNER, C. J., and BROWN, J., dissent upon the authority of Tucker v. State, 231 Ala. 350, 165 So. 249. That the act here nullified was properly published in accordance with the Constitution is not questioned. The published notice is headed: "A Bill to be Entitled an Act To abolish the Law and Equity Court of Cherokee County, Alabama, making provision for the transfer of pending cases and causes." Then follows the enacting clause with sections 1, 2, 3 and 4 of the act abolishing the Law and Equity Court of Cherokee County, and making provision for the transfer of all causes therein pending to the proper court. The act as thus published in full is signed "J. Monroe Mitchell, Representative Cherokee County." Affidavit of the publisher discloses that this notice was published in the Cherokee County Herald, a newspaper published in the town of Centre, Alabama, in Cherokee County, once a week for four consecutive weeks, beginning the 30th day of April, 1947.

There is indication in the majority opinion that there are other reasonable inter-

pretations to be ascribed to such a publication, that is, reasons aside from the intention that the Act is to be offered for passage in the Legislature. But what these reasons are we are unable to perceive, and, indeed, the opinion does not attempt to state. The very publication of the Act with the signature of Mr. Mitchell, the representative from Cherokee County, with all the provisions in regard to the abolition of the court and the transfer of pending cases should certainly meet substantial requirements of section 106 of our Constitution.

We are persuaded, as indicated above, that Tucker v. State, supra, is controlling and should be here followed.