276 So.2d 600

**TOWN OF DUTTON, Alabama, a municipal corporation**

v.

**Charles TIGUE et al.**

**SC 229.**

Supreme Court of Alabama.

April 19, 1973.

Weeks & Weeks, Scottsboro, for appellant.

Dawson, McGinty & Livingston, Scottsboro, for appellees.

MERRILL, Justice.

The sole issue presented on this appeal is the constitutionality of Act No. 215, Acts of Alabama 1971, a local bill applying to the Town of Dutton in Jackson County.

The case began as an action for a declaratory judgment and was submitted to the trial court on a stipulation of facts. We do not quote the jurisdictional stipulations as to parties etc., but do quote the last paragraph of the stipulation:

"6. A justiceable (sic) controversy between the parties exists as to the legal sufficiency of the notice published prior to the enactment of Act Number 215, and consequently the validity of said Act. The question presented for decision is whether the notice of intention to apply for passage of said Act complies with the provisions of Section 106 of the 1901 Constitution of Alabama. Act Number 215 is a local Act."

The trial court held the Act to be unconstitutional and the only question is whether proper notice was given under Section 106, Constitution of Alabama 1901.

Section 106 of the Constitution provides in pertinent part:

"No special, private or local law shall be passed on any subject not enumerated in Section 104 of this Constitution, except in reference to fixing the time of holding courts, unless notice of the intention to apply therefor shall have been published, without cost to the State, in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law and be published at least once a week for four consecutive weeks in some newspaper published in such county or counties; * * * and proof by affidavit that said notice has been given shall be exhibited to each House of the Legislature, and said proof spread upon the Journal. The courts shall pronounce void every special, private or local law which the Journals do not affirmatively show was passed in accordance with the provisions of this section."

The bill was correctly advertised and the only defect is that there was no "notice of intention" unless a mere copy of the pro-

posed bill was sufficient. The notice starts:

"A BILL TO

"BE ENTITLED AN ACT

"To alter, rearrange, extend and enlarge the boundary lines and Corporate limits of the Town of Dutton, Alabama, in Jackson County, Alabama.

"Be It Enacted by the Legislature of Alabama:

"Section 1. The boundaries of the Town of Dutton in Jackson County, Alabama, be and the same are hereby altered, rearranged, extended and enlarged so as to include within the Corporate limits of said city the following described territory:"

This court has answered this question in Cherokee County v. Savage, 249 Ala. 688, 32 So.2d 803, and that case was cited as authority by the trial court in holding the Act unconstitutional. The same defect was present in that case as here. This court said:

"But we are compelled to hold that the act of July 22, 1947 is violative of section 106 of the Constitution of 1901.

"In order to meet the requirements of said section 106, the proof as to publication must be spread upon the journal of each house. Such is the plain language of the Constitution. Sellers v. State, 162 Ala. 35, 50 So. 340; Tucker v. State, 231 Ala. 350, 165 So. 249, 253.

"The fatal defect is, as shown by the journals, the omission from the publication of notice of an intention to apply to the legislature for passage of the act. As we view it, no notice of such intention ever appeared in any publication. The publication relied on to give such notice was simply a publication, for the required time, of the bill in its entirety. No indication whatever, other than the bill itself, was given of an intention to apply to the legislature for the passage of such a bill. * * *"

Appellant argues here, as was argued in *Savage*, supra, that we should hold the notice sufficient under the holding in Tucker v. State, 231 Ala. 350, 165 So. 249. This court refused to extend the doctrine announced in *Tucker* in the following language:

"To extend the doctrine announced in the Tucker case, supra, to the point of holding that the mere publication of a bill in its entirely, without more, is sufficient 'notice' of an intention to apply to the legislature for its passage, would completely nullify that part of section 106, supra, requiring such notice. There are too many other reasonable interpretations to be ascribed to such a publication. Our rules of liberal construction do not justify such a holding. The abolishing act of July 22, 1947, is therefore unconstitutional and void."

Affirmed.

HEFLIN, C. J., and HARWOOD, MADDOX and FAULKNER, JJ., concur.