To the Members of the Senate
State Capitol
Montgomery, Alabama
Dear Sirs and Mesdames:
We are in receipt of Senate Resolution 24, which reads:
“BE IT RESOLVED BY THE SENATE OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional questions which have arisen concerning the pending bill, S.B. 177....
*109 “This bill was advertised in May 1984, but was not introduced until the current session (1985 Regular Session) of the Legislature, at which time- the wording ‘1984 Regular Session’ in Section 2, page 4, lines 12 and 13, had been changed to read 1985 Regular Session.
“1. For introduction in the 1985 Regular Session, did the May, 1984 advertisement of the bill meet the notice requirements of Amendment No. 341 to the Constitution of Alabama of 1901?
“2. If the answer to question number 1 is in the affirmative, was the change in wording from the 1984 Regular Session to the 1985 Regular Session prior to introduction a material departure from the bill as advertised so as to conflict with the provisions of Amendment 341 to the Constitution?”
We answer your first question in the negative and, therefore, pretermit a discussion of the second.
Article 4, § 106, of the Constitution of Alabama of 1901, as amended (No. 341), reads as follows:
“No special, private, or local law shall be passed on any subject not enumerated in section 104 of this Constitution, except in reference to fixing the time of holding courts, unless notice of the intention to apply therefor shall have been published, without cost to the state, in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law and be published at least once a week for four consecutive weeks in some newspaper published in such county or counties or if there is no newspaper published therein, then by posting the said notice for two consecutive weeks at five different places in the county or counties prior to the introduction of the bill; and proof that said notice has been given shall be exhibited to each house of the legislature through a certification by the clerk of the house or secretary of the senate that notice and proof was attached to the subject local legislation and the notice and proof shall be attached to the original copy of the subject bill and shall be filed in the department of archives and history where it shall constitute a public record. The courts shall pronounce void every special, private, or local law which the journals do not affirmatively show was passed in accordance with the provisions of this section.” (Emphasis added.)
The purpose of § 106, as amended, is the prevention of deception and surprise. It requires that all those immediately affected by local legislation be informed of the substance of the proposed legislation so that they may have a fair opportunity to protest or otherwise express their views. Opinion of the Justices, 435 So.2d 731 (Ala.1983); Opinion of the Justices, 381 So.2d 632 (Ala.1980); Jefferson County v. Braswell, 407 So.2d 115 (Ala.1981). Section 106 provides for the publication of a notice of intention to apply to the legislature for passage of a bill prior to the introduction of the bill.
In Town of Dutton v. Tigue, 290 Ala. 357, 276 So.2d 600 (1973), the Court held that the omission in the published notice of the intent to apply to the legislature for passage of the advertised bill was a fatal defect, and the bill subsequently passed was void because of that constitutional defect. See also Cherokee County v. Savage, 249 Ala. 688, 32 So.2d 803 (1947). If the failure to include in the notice an intent to apply for passage is fatal, it follows that the inclusion in the notice of an incorrect date of intent to apply to the Legislature for passage is likewise fatal.
The constitutional requirement of notice to the people of the intent to apply to the legislature for passage of a local bill is satisfied only when the published notice accurately informs the people as to the legislative session when passage will be applied for. The basic purpose of the constitutional requirement of notice is defeated where the people are misinformed, albeit inadvertently, as to which legislative session the bill will be introduced in.
*110 Since S.B. 177 was published in May 1984 and the publication stated that application for passage was to be made in the 1984 Regular Session of the Alabama Legislature, and since application was not made at that time, the May 1984 publication does not meet the notice requirement of Art. 4, § 106, as amended (No. 341), as to a bill to be introduced in the 1985 Legislature.
Respectfully submitted,
C.C. TORBERT, Jr. Chief Justice
HUGH MADDOX
JAMES H. FAULKNER
RENEAU P. ALMON
JANIE L. SHORES
SAM A. BEATTY Associate Justices