[Lowery v. The State.]

# Lowery v. The State.

## *Indictment for Murder.*

1. *Constitutionality of statute establishing additional circuit court for Blount county.*—The purpose and effect of the act approved February 13, 1891, (Acts of 1890-91, p. 592), "to establish an additional circuit court in the county of Blount, and to provide a place for holding the same," being, not to create a new court, but to divide the territorial jurisdiction of the circuit court of Blount county, and to establish two places for holding that court, and to confer upon each division exclusive jurisdiction of all causes arising within its territory, said act is constitutional; and is not open to an attack of unconstitutionality on the ground that the court therein created is not an inferior court, such as the constitution empowers the legislature to create, because the act contains no provisions by which its proceedings can be reviewed by a higher tribunal.

2. *Several charges asked; general exception unavailing.*—Where several written charges are asked to be given to the jury in one general request, and a general exception is reserved to the court's refusal to give them, if any one of said charges is erroneous, the action of the court in refusing all will be sustained as being free from error, although one or more of the other charges requested may have been good; the general exception in such case being unavailing to put the trial court in error.

3. *Whether distance perilous, to be determined by jury; erroneous charge.*—Whether the distance of 12 or 15 feet, which separated defendant from deceased, the latter having a gun, was such perilous proximity as would have increased defendant's danger, if he had attempted to retreat, is a question to be determined by the jury and not by the court; and a charge to the jury that "If the deceased and the defendant were, at the time of the difficulty, within a few feet— 12 or 15 feet—apart, then that in law would be a perilous proximity, which in law could only increase the danger of one who attempts to fly from an assault with a gun," is erroneous as invading the province of the jury.

4. *Motion for new trial; action of trial court in criminal case not revisable on appeal.*—The action of the trial court on a motion for a new trial in a criminal case is not revisable by appellate court.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. JOHN B. TALLY.

The appellant was tried under the following indict-

[Lowery v. The State.]

ment : "The grand jury for the western division of said county charges that before the finding of this indictment, John H. Lowery unlawfully and with malice aforethought killed William Justice by shooting him with a gun or pistol." This indictment was preferred by the grand jury organized for the circuit court of the western division of Blount county, authorized by an act of the General Assembly, approved February 13, 1891.—Acts of 1890–91, page 592. Upon the trial of the cause, as is shown by the bill of exceptions, the evidence introduced tended to show, that at the time the fatal shot was fired, the deceased, who was standing 12 or 15 feet from the defendant, had a gun drawn upon the defendant, and had snapped one barrel at him. After the introduction of all the evidence, the bill of exceptions recites that, "the defendant asked the court in writing to give the following charges to the jury, which the court refused to do, and to the refusal the defendant duly excepted." The first charge thus asked by the defendant was as follows : "If the deceased and the defendant were at the time of the difficulty within a few feet—12 or 15 feet— apart, then that in law would be a perilous proximity, which in law could only increase the danger of one who attempts to fly from an assault with a gun."

The defendant moved for a new trial, assigning several grounds therefor. The court overruled this motion, and the defendant duly excepted. The defendant then moved the court in arrest of judgment, upon the grounds, *first*, that the indictment against the defendant was not found by a grand jury authorized by law; *second*, that the court had no jurisdiction to try said cause; and, *third*, because the act creating this court is unconstitutional. This motion was overruled, and the defendant duly excepted.

ROBT. T. ROBINETT, for appellant, cited *O'Byrnes v. State*, 51 Ala. 25 ; *Cross v. State*, 63 Ala. 40 ; *Finley v. State*, 61 Ala. 201 ; *Moore v. State*, 68 Ala. 360.

WM. L. MARTIN, Attorney-General, for the State.

HEAD, J.—The appellant was indicted and tried for the offense of murder, and convicted of manslaughter in the second degree, and fined $50, and sentenced to im-

prisonment in the county jail for one month. The indict-
ment and trial were in that division of the circuit court
of Blount county created and defined by the act of the
General Assembly, entitled, "An act to establish an ad-
ditional circuit court in the county of Blount, and to
provide a place for holding the same."—Acts 1890–91,
p. 592. It is insisted this act is unconstitutional, and
the argument made in the brief is, that the legislature
has power, under the constitution, to create inferior
courts only, and that this is not an inferior court, because
the act contains no provision by which its proceedings
may be reviewed by a higher tribunal. When the act is
examined it is seen that it does not create a new court at
all. Its purpose and effect are to divide the territorial
jurisdiction of the circuit court, already established by
the constitution, into two divisions, and to establish two
places of holding that court, in Blount county—one in
each division—and to confer upon each division exclu-
sive jurisdiction of all causes, civil and criminal, arising
in its territory. Combined, they constitute the circuit
court of Blount county, as established by the constitu-
tion, and form a part of the 9th judicial circuit of Ala-
bama. We have been referred to no provision of the
constitution, and are aware of none, which imposes any
limitation upon the power of the legislature to thus di-
vide the territorial jurisdiction of the circuit court of a
county, and appoint a place in each division for holding
the court. No objection to the act has been pointed out
to us, except that above stated ; and the court being a
division of the circuit court, the general statute of ap-
peals applies to its judgments as well as to those of any
other circuit court in the State. It was unnecessary that
the act make a special provision for revision by the ap-
pellate court.

The appellant, in one general request, asked the court
to give eight written charges, and reserved a general ex-
ception to the refusal of the court to give them. In such
case, if any one of the charges is bad, we can not put
the trial court in error, although one or more of the
others may have been good. Looking at the first of these
charges, we find it manifestly bad. It was for the jury,
not the court, to determine whether the distance of 12 or
15 feet, which separated the combatants, was such peril-
ous proximity as would have increased the defendant's

danger, if he had attempted to avoid the combat by retreat. We, therefore, do not consider the other charges. We can not revise the action of the trial court on motion for a new trial, in a criminal case.

Affirmed.