# Cook, County Treasurer, *v.*
# Burke, Judge.

*Mandamus.*

(Decided May 28, 1912.  58 South. 984.)

1. *Statutes; Alteration in Passage; Change in Original Purpose.*—Section 61, Constitution 1901, was not violated in the passage of Local Laws 1900-01, p. 1489, though the original title of the bill was "To Repeal an Act entitled An Act to Repeal Sections 4593-4-5-6-8 and 4599, Code 1896, so far as they relate to the County of Cullman," and on its third reading the bill was amended by a substitute, entitled "To Repeal an Act entitled An Act to Repeal the above-mentioned sections of the Code of 1896, so far as they relate and apply to the County of Cullman, approved February 23, 1899, and to re-enact and revive said above-named sections as to Cullman County, the effect being to make a mere change in the manner of expression of such purpose; said Act and the substitute bill setting out said sections to satisfy section 45, Constitution 1901.

2. *Judges; Compensation; Court of Record.*—Probate judges presiding in county courts for trial of misdemeanors are not judges of courts of record within the meaning of section 150, Constitution 1901, and hence, Local Acts 1900-01, p. 1342, section 11, providing fees for such judges is not unconstitutional.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Mandamus by R. I. Burke, Judge, against B. E. Cook, County Treasurer. From a judgment granting a peremptory writ, respondent appeals. Affirmed.

J. B. BROWN, for appellant. The petition was not sufficient and the court erred in overruling demurrers thereto.—Sec. 3693, Code 1907; *Tolbert v. Hale,* 131 Ala. 144; *Troup v. Morgan County,* 109 Ala. 162. The effect of the act of 1890-1, p. 262, was to leave the subject of the county court blank, so far as Cullman County was concerned.—*Larkin v. Simmons,* 155 Ala. 575. In 1900-1, House Bill 894 was introduced with

[Cook, County Treasurer, v. Burke, Judge.]

the sole purpose to repeal an Act entitled An Act to repeal certain sections of the Code in so far as they relate and apply to Cullman County. It was read a second time under the same title, but on its third reading, a substitute was introduced and passed which changed the original purpose in violation of article 4, section 19, Constitution 1875, section 61, Constitution 1901.— *State ex rel. v. Buckley,* 54 Ala. 612; *Stein v. Leeper,* 78 Ala. 517; *King L. Co. v. Crow,* 155 Ala. 504. It cannot be maintained that the purpose of the original bill so as to bring it within the influence of *Hall v. Steele,* 82 Ala. 565. It was also violative of section 45, Constitution 1901.—*Hall v. Steele, supra; Valentine v. Wickersham,* 75 Ala. 533; *State ex rel. v. Buckley, supra.* The act is also in direct conflict with section 150, Constitution 1901, and is therefore expressly repealed by section 1 of the schedule of the Constitution.—8 Cyc. 747; 157 Ill. 414; 29 L. R. A. 798. This court was a court of record.—*Wheaton v. Fellows,* 23 Wend. 375; *Cofer v. State,* 168 Ala. 172; *Ex parte State v. Merlett,* 71 Ala. 371; *Ex parte Roundtree,* 51 Ala. 42; *Larkin v. Simmons, supra;* 116 Ohio St. 454; 39 Cal. 98.

GEORGE H. PARKER, and EYSTER & EYSTER, for appellee. The questions involved have become moot since the appeal was taken, and the case should be dismissed.— 19 A. & E. Enc. of Law, 724, and cases cited; *Montgomery County v. Montgomery Traction Compnay,* 140 Ala. 458; 2 Cyc. 533, et seq.

SAYRE, J.—This appeal brings under review the judgment of the circuit court of Cullman county by which a peremptory writ of mandamus was awarded against appellant, as treasurer of Cullman county, commanding him to register certain warrants as claims against the

general fund of the county. The warrants had been issued by the board of county commissioners to provide for the payment of fees claimed by appellee as judge of the county court of Cullman under the provisions of an act approved March 1, 1901, entitled "An act to confer additional jurisdiction upon the county court of Cullman county, Alabama, and to regulate the proceedings therein." The proceeding for mandamus was so contrived and conducted as to raise two questions, viz.: (1) The constitutional enactment of the special statute to which the county court of Cullman owes its existence. —Acts Feb. 28, 1901; Local Acts 1900-01, p. 1489. (2) Appellee's right to the fees as affected by section 150 of the Constitution.

By section 11 of the act approved March 1, 1901 (Loc. Acts 1900-01, p. 1344), a public act of which the court takes judicial notice, it was provided that the judge of the county court of Cullman should receive a fee of $3 for each case disposed of in said court. This act, however, did not undertake to set up the court. It assumed that the court had already been established by the act of February 28, 1901, the act against the constitutional passage of which the attack of this proceeding is directed.

It is necessary to trace the legislative history of the county court of Cullman. By general law prior to 1880 a county court, of which the judge of the probate court was ex officio the judge, was provided in each county for the trial of misdemeanors.—Code 1876, § 718 et seq. At the session of the Legislature in 1880-81, an act was passed to establish an inferior court for Cullman county (Acts 1880-81, p. 211) superseding and supplanting the county court. At the session of 1890-91 (Laws 1890-91), p. 262), the act of 1880-81 was repealed. It may not have been so intended and understood, but one ef-

fect of this last act was to leave the county of Cullman without a county court.—*Larkin v. Simmons,* 155 Ala. 273, 46 South. 451. Necessarily it also repealed those sections of the Code of 1886 which related exclusively to the county court, so far as concerned their operation in Cullman county. These sections were carried forward into the Code of 1896, but were not thereby revived as to Cullman county.—*Maxwell v. State,* 89 Ala. 150, 7 South. 824. By an act passed in 1899 (Local Acts, 1898-99, p. 1625), sections 4593, 4594, 4595, 4596, 4598, and 4599 of the Code of 1896, in so far as they applied and related to the county of Cullman, were specifically repealed, the act providing that all cases then pending in the county court should be transferred to the city court of Cullman. This act may have been a work of supererogation, but it emphasized the fact that thereafter there was no county court in Cullman county. The sections of the Code of 1896, repealed in terms by the act of 1899 just referred to (brought into the Code of 1907 as section 6696 et seq.), constituted an essential part of the general law conferring upon judges of probate the power and authority of judges of the county court. At the session of 1900-01, House Bill 894 was introduced, its title being, "To repeal an act entitled an act to repeal sections 4593, 4594, 4595, 4596, 4598 and 4599 of the Code in so far as they relate and apply to the county of Cullman."—House Journal, p. 711. On its third reading this bill was amended by a substitute with title as follows: "To repeal an act entitled an act to repeal sections 4593, 4594, 4595, 4596, 4598 and 4599 as to Cullman county." The body of the act, which constitutes the authority for the county court of Cullman, as at present organized, fulfills the promise of the title, repeals the repealing act of 1889, and re-enacts the enu-

merated sections of the Court at length.—Loc. Acts
1900-01, p. 1489.

1. It is contended that this legislative history shows
a violation of the Constitution, in that the bill was not
read on three different days, but this is only another
way of stating the main contention against the act
which is that the bill as amended on its third reading
was a radical and unwarrantable departure from the
original bill; that the bill, in the language of the Con-
stitution (section 61), was so altered or amended on its
passage as to change its original purpose. In our opin-
ion this objection to the statute cannot be sustained. It
may be conceded for the argument that if a bill, entitled
and framed as this was with the purpose of reviving a
law which has been repealed, takes the form of law by
legislative adoption, it accomplishes nothing for the
reason that the subject expressed in the title is narrow-
er than the proximate purpose of the bill, and hence is
not clearly expressed, and because it would run counter
to that inhibition of the Constitution which commands
that "no law shall be revived, amended, or the provis-
ions thereof extended or conferred by reference to its
title only; but so much thereof as is revived, amended,
extended, or conferred, shall be re-enacted and pub-
lished at length."—Const. § 45. As the face of the act
under consideration, in its final shape, clearly shows,
these objections were obviated by the substituted or
amendatory bill in which the sections intended to be re-
enacted were set out at length, the title also being
amended so as to show the subject of the enactment more
precisely. In its original shape the bill did not clearly
express its purpose to revive the sections. That purpose
was permitted to rest in inference. However, unless we
would attribute to the Legislature a general lack of un-
derstanding as well as inattention to the requirement of

the Constitution, there was but one purpose to be inferred—the purpose to re-enact the law which had theretofore been repealed by the original repealing act. The rule of the common law was that, when a statute or a common-law rule was repealed and afterwards the repealing act was itself repealed by a later statute, the earlier law was thereby revived. This rule rested upon the presumed intent of the Legislature in passing the later repealing statute.—26 Am. & Eng. Encyc. p. 760. That such intent could not be carried into effect by a bill so framed by reason of a constitutional rule of enactment which had been interposed does not change the fact that the text of the bill in its original form evidenced but one purpose; nor did the changes made in the title and body of the bill change its purpose, but only the manner of its expression. The Legislature, when it heard this bill read a first and second time in its original language, could have had the conception of but one rational purpose, the purpose which had clear expression in the bill as finally amended and passed. From first to last there was no reason for a misapprehension of the purpose of the bill, so that the amendment, which cured the defective expression of the bill and gave effect to its only inferable purpose, agreeably in all other respects to the requirements of the Constitution, was itself free of offense against the letter or spirit of that provision which inhibited a change of purpose at that stage of the enactment.—*Stein v. Leeper,* 78 Ala. 517.

2. Thus far we have considered that objection to the act establishing the county court of Cullman which this court declined to consider, because not raised on the record, in the case of *State ex rel. Vandiver v. Burke,* 175 Ala. 561, 57 South. 870. In that case, looking to the previous constitution of county courts and the place

[Cook, County Treasurer, v. Burke, Judge.]

long held by them in the judicial history of the state, considerations which the makers of the Constitution had in mind, we held that, while those courts which had been established for the trial of misdemeanors under the presidency of the judges of probate were courts of record for other purposes, they were not courts of record within the meaning of section 154 of the Constitution, which requires judges of courts of record, except judges of probate courts, to be learned in the law. There is no occasion for a repetition of the argument. On identical considerations we now hold that judges of probate presiding in county courts for the trial of misdemeanors are not judges of courts of record within the meaning of section 150 of the Constitution, which provides that judges of "courts of record, except probate courts, shall, at stated times receive for their services a compensation which shall not be diminished during their official terms; they shall receive no fees or perquisites."

The judgment of the circuit court was in accord with the views now, and heretofore expressed on this subject. It will be affirmed.

Affirmed. All the Justices concur, except Dowdell, C. J., not sitting.