157 So. 841

**PITTS v. CULPEPPER et al.**

4 Div. 779.

Supreme Court of Alabama.

Dec. 6, 1934.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

J. B. Hicks, Roy L. Smith, A. L. Patterson, and J. W. Brassell, all of Phenix City, for appellees.

PER CURIAM.

Complainant, a resident and taxpayer of Russell county, seeks injunctive relief against the holding of an election for the removal of the county seat from Seale to Phenix City, upon the theory that such an election is not authorized by law.

■ Equity jurisdiction in cases of this character was established in Dennis v. Prather, 212 Ala. 449, 103 So. 59 (adverted to and differentiated in Wilkinson v. Henry, 221 Ala. 254, 128 So. 362, 70 A. L. R. 712), and that question, we conclude, needs no further discussion.

Complainant insists the election is prohibited by the legislative will, as expressed in the act of 1927 (Loc. Acts 1927, p. 175), wherein a branch courthouse for Phenix City was provided, and the county divided into two divisions (northern and southern) for the trial of causes—similar in many respects to statutes respecting other counties in the state which have been noted and considered in previous decisions of this court. Board of Revenue of Jefferson County v. Huey, 195 Ala. 83, 70 So. 744; Merchants National Bank v. McNaron, 172 Ala. 469, 55 So. 242; McCreless v. Tenn. Valley Bank, 208 Ala. 414, 94 So. 722; Lowery v. State, 103 Ala. 50, 15 So. 641.

There is no pretense that the proceedings for the election are not in all respects in conformity to the general law as found in sections 267–299 of the Code of 1923, enacted in recognition of section 41 of the Constitution, intended as a limitation upon the theretofore plenary power of the Legislature respecting the change of county seats. Dennis v. Prather, supra. But the argument is that by the above-noted local act of 1927 the Legislature has in effect excepted Russell county from within the operation of the general law, and that, so long as this local statute remains unrepealed, there can be no election under the general law.

■ A number of authorities are cited as illustrative of the generally accepted rule found stated in 59 Corpus Juris, p. 937, to the effect that "a special law, local or restricted in its operation, which is positively repugnant to a former general law relating to the same subject matter, and is not merely affirmative, cumulative or auxiliary, repeals or supersedes the general law by implication, to

the extent of the repugnancy within the limits to which such special law applies, or at least it creates an exception to the general law or suspends the operation of the conflicting provisions of the general law in the territory in which the special law is operative." City of Mobile v. Mobile Electric Co., 203 Ala. 574, 84 So. 816, 819; Pepper v. Horne, 197 Ala. 395, 73 So. 46; City of. Birmingham v. Southern Express Co., 164 Ala. 529, 51 So. 159; City of Apalachicola v. State of Florida, 93 Fla. 921, 112 So. 618; Ferguson v. McDonald, 66 Fla. 494, 63 So. 915; Talley v. Webster, 225 Ala. 384, 143 So. 555; State v. McMillan, 55 Fla. 246, 254, 45 So. 882; Lefman v. Schuler, 317 Mo. 671, 296 S. W. 808; Bramham v. City of Durham, 171 N. C. 196, 88 S. E. 347; State v. Kelly, 34 N. J. Law, 75.

Like principle was recognized by this court in City of Mobile v. Mobile Electric Co., supra, wherein is the expression: "Special provisions relating to special subjects control general provisions relating to general subjects."

■ And, while the argument is ingenious, and here forcibly presented, yet it is not persuasive as applied to the instant case. Its fallacy lies in the assumption there is a conflict in the local act with the general law upon the question of the removal of a county site. We find no such conflict. In City of Mobile v. Mobile Electric Co., supra, it is further observed, as follows: "It is only when two laws are so repugnant to or conflict with each other that it must be presumed that the Legislature intended that the latter should repeal the former. This is never the case if there be a reasonable field of operation by a just construction for both; for then they will both be given effect. This is preferable to repeal by implication."

■ Our decisions are to the effect that local statutes of this character are intended for the convenience of the public and the citizens of that locality (McCreless v. Tenn. Valley Bank, supra), that "courthouse" and "county site," found in section 41 of the Constitution, are synonymous and signify "seat of government," and that local acts of this nature offer no offense to said constitutional provision, for the reason that the seat of county government is not by such enactment either removed or abolished. Board of Revenue of Jefferson County v. Huey, supra.

A contrary holding would have resulted in invalidating these branch courthouse local acts (to so designate them), as violative of section 41 of the Constitution. But, as noted, they have been upheld as in no manner conflicting with this constitutional provision. Such character of legislation was in existence when section 41 of the Constitution was adopted, and of course at the time the general law was enacted providing for the removal of county sites by way of election for that purpose (Merchants National Bank v. McNaron, supra), and there is nothing in such general law indicating any legislative intent that it should not have application in a given county merely for the reason there had been provided previously by local act a branch courthouse at a place other than the county seat. The general law provides for the removal of the county seat of government.

In the instant case, the seat of government for Russell county is at Seale. The local act makes no change in that respect, and Seale is still the county site, though for the public convenience a branch courthouse is established at Phenix City. There is therefore no repugnancy, but a field for operation of both laws.

It is further argued, if the election is held and proponents are successful, the result will be a repeal of this local statute, which can only be done by the Legislature. But there will be no repeal.

The Constitution, § 41, recognizes this as a political right to be exercised by the people in an election held for the purpose. This section is a limitation on legislative power, reserving to the people any change to be made in their seat of county government.

Local acts of this character, quite analogous to that considered in Board of Revenue of Jefferson County v. Huey, supra, have been sustained on the ground that they do not deal with the removal of the county seat.

■ Being a political question, an incident of sovereignty, any statute which would take away such right should be clear and unequivocal.

■ The rule that repeal by implication is not favored we think especially significant in a case of this character.

The dominant purpose of the local act was to accommodate the people of the county by providing that certain governmental functions should be performed at a branch courthouse, and branch offices more convenient to them. Incident to this was the division of the county into districts, and detailed provisions of the act for a branch courthouse, branch offices, separate records, etc.

We are not unmindful of the fact that in the accomplishment of this purpose the act calls

for the branch courthouse, offices, etc., to be at Phenix City, while the county seat remains at Seale. But this was merely in recognition of the status then existing, and we are not impressed there was any intent to take from the people the power to change their county seat.

We are therefore of opinion (in view of the primary purpose of the local act) there is a field for operation of both statutes; that, if the people should change their county seat to Phenix City, the division of the county for special purposes named in the local act will remain, Seale becoming the location of the branch courthouse, branch offices, and branch records for its district, while all other incidents of a county seat at Seale will be changed by will of the people to Phenix City.

We are unable to see that such a result will prove impracticable or offer serious difficulties. After all, it is a matter of legislative intent, and we can find nothing in the local act indicating that the right of the qualified electors to resort to the general law on the subject of removal of the county seat has been abrogated or in any manner affected by its passage.

We therefore conclude that the temporary injunction was properly dissolved, and the decree will accordingly be here affirmed.

Affirmed.

THOMAS, BOULDIN, BROWN, FOSTER, and KNIGHT, JJ., concur.

ANDERSON, Chief Justice, and GARDNER, Justice (dissenting).

We are in accord with the general principles of law stated in the majority opinion. But we respectfully differ in their application to the instant case.. "Special provisions relating to special subjects control general provisions relating to general subjects. The thing specially treated will be considered as exception to the general provision." City of Mobile v. Mobile Electric Co., 203 Ala. 574, 84 So. 816, 819.

We recognize that repeal by implication is not favored, yet, when a special law, local or restricted in its operation, is positively repugnant to a former general law relating to the same subject-matter, and not merely cumulative or affirmative, it repeals or supersedes to that extent the general law by implication, or at least creates an exception to the general law. 59 Corpus Juris, 977.

The local law divides the county into a southern and northern division for the purpose of court procedure and county offices.

The center of activity for the southern division is Seale because it is the county seat. That of the northern division is Phenix City because a branch court is there provided and branch offices maintained. The county seat remained at Seale.

But under the general law a branch court or branch offices is not in contemplation. If an election is successful, the general law contemplates all county functions, including all the courts, should thereafter be at the newly selected county site.

Indeed, section 296, Code 1923, expressly so provides, reading: "But after such removal, all courts of record for the county shall be held at the new county seat," and the succeeding section limits the removal of county offices to the new county seat, so as not to exceed "twelve months from the date of said election."

But the majority view is the contrary of these definite statutory provisions.

It does not remove all courts of record to the newly elected county seat, but leaves the courts and offices where they now are, creating Seale as the branch courthouse. This to our minds encroaches too closely upon the legislative domain, and serves to demonstrate the irreconcilability of the local with the general law.

We are therefore persuaded the local statute is so repugnant to the general law as to disclose a legislative intent to except Russell county from within the influence thereof, and that no election is therefore permissible without further legislation relating to the subject. It is our conclusion, therefore, that the motion to dissolve the injunction was improperly granted, and respectfully dissent.