193 So. 315

**STATE ex rel. HOLCOMBE, Sheriff, v. MOBILE COUNTY et al.**

**I Div. 77.**

Supreme Court of Alabama.

Jan. 18, 1940.

William V. McDermott, of Mobile, for appellant.

V. R. Jansen, of Mobile, for appellees.

BROWN, Justice.

Act No. 385, a general law which became effective "July 17, 1931 under Section 125 of the Constitution," without the approval of the Governor, while amendatory in form is original in purpose and scope, changing the classification so as to apply to Counties of a population "of not less than 105,000 nor more than 300,000 according to the last or any subsequent Federal Census" (section 1), and re-enacting the original Act in detail, authorized the sheriff of such counties to appoint necessary highway patrolmen, not to exceed three, with the authority of a deputy sheriff, and for a term not exceeding that of the appointing sheriff, subject to removal by the sheriff. Gen.Acts 1931, p. 454.

This act, if constitutionally enacted, superseded and repealed by implication Act No. 341, approved September 24, 1923. Gen.Acts 1923, p. 367; American Standard Life Ins. Co. v. State, 226 Ala. 383, 147 So. 168; Allgood, Auditor v. Sloss-Sheffield Steel & Iron Co., 196 Ala. 500, 71 So. 724.

Therefore, Act No. 333, approved September 1, 1939, "An Act to repeal an act entitled 'An Act to provide for the employment, discharge and compensation of road patrolmen in all counties of the State having a population of not less than 92,-

500 nor more than 150,000 according to the last or any subsequent Federal Census and to define their duties," which in terms repeals the Act "approved September 24, 1923," did not repeal said Act No. 385.

The constitutionality of said Act No. 385, was not raised on the trial, and will not be considered here. Cooper v. State ex rel. Hawkins, 226 Ala. 288, 147 So. 432; Sims v. Tigrett, 229 Ala. 486, 158 So. 326.

The provisions of Local Act No. 87, approved October 12, 1932, Acts 1932, Extra Session, p. 33, do not conflict with the provisions of said General Act No. 385, and therefore said act did not replace said General Act No. 385, but at most suspended the operation of said General Act in so far as it related to Mobile County, substituting the rule of the Local Act. The Legislature had the power to so suspend the general law. Constitution 1901, Article 1, § 21; Pitts v. Culpepper et al., 229 Ala. 449, 157 So. 841.

The express repeal of said Act No. 87, by Local Act No. 322, approved September 1, 1939, removed said local act from the field and left that field to the general law. Act No. 385.

This is the logic of the opinion of the court in Cook, County Treasurer, v. Burke, Judge, 177 Ala. 155, 58 So. 984, holding there was no difference in legal effect in an act repealing a local law, so as to leave the field to the general law, and an act repealing such local law and re-enacting the general law. See Pitts v. Culpepper et al. supra.

Section 4 of Act No. 385 (Gen.Acts 1931, p. 455) provides that: "The Board of County Commissioners, Board of Revenue and Road Commissioners, or like body, in all such Counties is *hereby directed* and authorized to purchase such automobile and other equipment, including supplies, such as gasoline, oils, greases, tools, and other apparatus *necessary* in the operation and maintenance of such automobiles or other equipment as may be *requisitioned by the Sheriff* for the use of the patrolmen appointed and employed under the provisions of this Act, and to keep said automobiles and other equipment in proper repair." [Italics supplied.]

The Act does not leave to the county body a discretion to supply or not the "necessary" fuel and supplies, but imposes on such body a mandatory duty to do so.

The petition for the issuance of the writ of mandamus is defective, however, in failing to show the fuel embraced in "requisition Number 4736" was "necessary" for the purposes of the patrol, and was subject to ground 7 of the respondents' demurrer, and the court did not err in sustaining the demurrer.

The petitioner refusing to plead further there was nothing left for the court to do except to enter the judgment it did enter.

Affirmed.

THOMAS, BOULDIN, and KNIGHT, JJ., concur.