197 So. 6

**MOBILE COUNTY et al. v. STATE ex rel. CAMMACK.**

I Div. 93.

Supreme Court of Alabama.

April 4, 1940.

Rehearing Granted June 6, 1940.

Rehearing Denied June 27, 1940.

Wm. V. McDermott, of Mobile, for appellee.

Vernol R. Jansen, of Mobile, for appellants.

THOMAS, Justice.

The petition for mandamus against the members of the Board of Revenue and Road Commissioners of Mobile County was filed by Nellie A. Cammack, the duly appointed matron of Mobile County Jail.

The petition well and succinctly states the question raised under the insistence of unconstitutionality of the Acts of 1939 for alleged failure to abolish the last act and its effect upon the immediate predecessor if considered in pari materia. General Acts of 1939, No. 468, p. 681; Local Acts of 1939, No. 453, p. 273.

The rule that obtains in the construction of statutes and the assertion of unconstitutionality are stated in Jefferson County v. Busby, 226 Ala. 293, 148 So. 411; State ex rel. Farmer v. Hass et al., 239 Ala. 16, 194 So. 395.

The Act of February 13, 1931, General Acts of 1931, p. 45, was a general law based upon the classification of a proper population basis. Appellants insist that when an act passed on a population classification basis is considered as a whole and it appears so restrictive as to designate, rather than classify, limiting the operation of the act to one county only in the present and future, such act is unconstitutional and void and will not be sustained. Reynolds v. Collier, 204 Ala. 38, 85 So. 465; State ex rel. Conrad v. Board of Revenue of Mobile County, 231 Ala. 18, 163 So. 345; Steber v. State, 229 Ala. 88, 155 So. 708; Kearley v. State, 223 Ala. 548, 137 So. 424; Mobile County v. Byrne, 218 Ala. 5, 117 So. 83; Opinion of Justices, 216 Ala. 469, 113 So. 584; Birmingham Electric v. Harry, 215 Ala. 458, 111 So. 41; State v. Gullatt, 210 Ala. 452, 98 So. 373. We have indicated, supported by judicial knowledge, that the act under consideration contains due classification and not a mere designation.

We find in the 1931 Act the law authorizing the appointment of the matron by the sheriff, Acts of 1931, p. 45, which was in force and effect before the Acts of 1939 were approved. General Acts of 1939, Regular Session, p. 681, No. 468; Local Acts of 1939, p. 273, No. 453.

The foregoing was the rule which obtained until changed by the Local Acts of October 7, 1932, Local Acts of Alabama, Extra Session 1932, pp. 23 and 24. This enactment gave the sheriff the power to appoint a jail matron for Mobile County, to fix her salary and to make it a preferred claim with that of members of the board of revenue, road commissioners and like governing bodies of said county. These last acts further contained provisions for the repeal of all parts of law in conflict therewith and were made effective immediately upon their passage and approval by the governor. Thus the general law of February 13, 1931, p. 45, General Acts of 1931, p. 45, was modified insofar as it referred to Mobile County.

It is insisted that:

"Relator further shows that said Local Act Number 74 of the Extra Legislative Session of 1932 (p. 23) is still in full force and effect; further, that said Act has not been lawfully repealed, amended or changed by either of the following Acts, viz:

"(a) Act Number 453 (H.B. 598-Langan, Megginson, Stone) of the regular 1939 session of the Legislature of Alabama as approved September 15, 1939. Local Acts of Alabama, Regular Session 1939, p. 273.

"(b) Act Number 468 (H.B. 941-Stone, Megginson, Langan) of the regular 1939 session of the Legislature of Alabama as approved September 15, 1939. General Acts of Alabama, Regular Session of 1939, p. 681."

What then is the effect of the Act of 1939, Acts of 1939, p. 681, printed as a general law; and the Act of 1939, Local Acts of Alabama, 1939, p. 273, on the two acts of October 7, 1932, Local Acts of Alabama, Extra Session, 1932, pp. 23 and 24?

The authors of the two bills of 1939 are the same members of the House of Representatives. The Local Act of 1939 is House Bill No. 598 (no. 453) p. 273, and provides for the repeal of the act of October 7, 1932, p. 23, as to the appointment of the matron by the sheriff and does not purport to effect the priority of such claim for salary. Thus, apparently, leaving in effect the act of 1932, p. 24 (H.B. 431). The act of September 15, 1939 (H.B. 941), General Acts of 1939, p. 681, if constitutional, will affect the former statute as to appointment of the matron for the county jail at Mobile.

It may be assumed that the authors of these two bills were not seeking a conflict of statutes, but were dealing with one subject—power of appointment, salary, etc.—to avoid doubt or ambiguity as to that subject-matter.

We are thus brought to the consideration of the subsequent statute, purported to be a general law. General Acts of 1939, p. 681, H.B. 941. If this act is constitutional, it affected the power of appointment of the matron as contained in the Loc.Act of 1932, Ex.Sess., p. 23. The 1939 Act, p. 681, employs the same classification as to population bases as contained in the original act, General Acts of 1931, p. 45, which classification has been approved and declared not to be a mere designation.

The Act of 1939, p. 681, provides in Section 1 as follows: "In all counties having a population of not less than 100,000 and not more than 300,000 according to the last or any subsequent Federal Census the governing board of said county may and is hereby authorized and empowered to employ a matron for the county jail."

The said act further prescribes the duties of the "matron for the county jail," fixes her salary, and declares that all laws in conflict are repealed. Then follows this significant limitation in Section 5: "This act shall be operative and effective only until the first day of December, 1940."

When the provisions of Section 1 are taken into consideration with the provisions of Section 5, it is obvious that the act employed a "designation" *making it a local law*, and not a valid classification as is required of a general law. We are thus at the conclusion that said act of 1939 was a local act and not a general act, and is null and void because of the failure to observe the requirements of Section 106 of the Constitution as to its enactment as a local statute.

This result is induced from the judicial knowledge entertained by this court. Hodge v. Joy, 207 Ala. 198, 92 So. 171. The court takes judicial knowledge of the fact that Mobile is the only county in the State of Alabama within the population class stipulated by the Act of September 15, 1939, as shown by the last Federal census. There will be no additional Federal census made during the time prescribed by said act, which is effective only up to December 1, 1940, as stated in section 5 thereof. It is thus clear that the

provisions of said section exclude the probabilities of Montgomery or Etowah Counties coming within the classification set up in section 5 of said act before its expiration. 46 U.S.Stat. p. 21, 13 U.S.C.A. § 201 et seq., § 1 et seq.; 2 U.S.C.A. § 2a.

This result is further shown by the Legislative Journals, wherein a constitutional amendment, together with an enabling act, are presently in process of passage to place the Sheriff of Mobile County on a salary basis effective on and after Dec. 1, 1940; and providing for a jail matron. It is thus apparent why Section 5 was made a part of the Act of September 15, 1939, p. 682 of the General Acts of 1939.

It is insisted that section 5 may be excluded from the Act of September 15, 1939, without impairing its constitutionality. This Court is of opinion that said act would not have been passed if section 5 had been omitted therefrom. Wilkinson v. Stiles, 200 Ala. 279, 76 So. 45, and Union Bank & Trust Co. v. Blan, 229 Ala. 180, 155 So. 612.

If the legislative history of the two acts of 1939 is to be considered, it is evident that they have different fields of operation. We cannot say that the invalidity of the former makes the latter unconstitutional.

To determine this appeal and error assigned, we are brought to the consideration of the Act of 1931, General Acts of 1931, p. 45, under Section 45 of the Constitution.

One department of government in Mobile County sought an opinion of the Attorney General of Alabama and Mr. Loeb of that department rendered a response thereto, under which that department now functions. In said opinion it was held in part, as follows:

"It is a common-law rule of statutory construction that, when a repealing statute is itself repealed, the first statute is revived without any formal words for that purpose; in the absence of a contrary intention expressly declared, or necessarily to be implied from the enactment by which the last repeal is effected. This rule rests on the theory that each expression of the legislative mind represents the legislative intent at the time of that expression, and that the repealing statute indicates a change of the legislative purpose as expressed in the prior law; and, therefore, when the repealing statute is in turn re-

pealed, without any reference to the pre-existing law, the presumption is that the Legislature intended by the repeal to restore the order of things existing under the repealing statute. 59 C.J. 941, § 556; 25 R.C.L., §§ 161, 184. The revival, however, arises not from an implication of intention but from a removal of the pressure which kept the original statute down; * * * *. It cannot be doubted that the Legislature in 1936 intended only to suspend the General Act of 1935 and not to abrogate it, and upon the expiration of the Local Act the General Law again became effective in Mobile County. * * * * *

"Nor can it be said that that portion of Section 45 of the Constitution of 1901, which provides 'no law shall be revived, amended or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended or conferred, shall be reenacted and published at length,' prevents the operation of the common-law doctrine that when a repealer is itself repealed the original act is thereby revived. In discussing this subject, it is well to premise that there are two distinct modes of reviving statutes that have been repealed,—the one by legislative enactment, the other by operation of laws, as when a repealing act is itself repealed. Therefore, the question to be decided is, does the constitutional provision regulate both or only one of these two methods of revival?

"In the case of Wallace v. Bradshaw, 54 N.J.L. 175, 23 A. 759 (760) (N.J.), the Chief Justice of the Court of last resort of New Jersey, speaking to the question of whether the New Jersey State Constitution which contained the provision, 'no law shall be revived, or amended by reference to its title only, but the act revived or the section or sections amended, shall be inserted at length,' states:

" 'The terms used seem to me to admit of no other meaning than that they *regulate revivals by statute alone*. The phrase that "no law shall be revived or amended by reference to its title alone" cannot be forced into a signification that will comprehend any revival that is not a statutory one, for there is not, and cannot be, a revival by operation of laws that can be said to operate on the act revived 'by reference to its title alone." The clause obviously would have to be interpolated to impart to it that breadth of efficacy claimed for it in the decision before us. Thus it would be

necessary to transmute it into some such form as this: "No law shall be revived by operation of law, nor shall it be revived or amended by reference to its title alone;" and the harmony that would exist in the sentence thus constructed, and its freedom from all tautology, would seem to demonstrate that these methods of revival are diverse and distinct things, and that only one of them is embraced in this constitutional expression. I cannot agree to the proposition that, because the people, in their constitution, have declared that a law shall not be revived by a statutory reference to its title, they have thereby likewise declared that it shall not be revived by the operation of a well-known rule of the common law. And this is plainly the sense in which the provision was expounded by Mr. Justice Dixon in the case of State v. Parsons, reported in 40 N.J.L. [123], 127, his language being as follows, viz: "Our constitution does not cover repealing acts at all, and was designed to apply only to such enactments as are, in terms, revivals or amendments of specified statutes and sections." Being of opinion that the provision in question has by its clear verbiage force this court has not the legal competence to give it any further efficacy.' "

The purported general act of September 15, 1939, Gen.Acts 1939, p. 681, being condemned for reasons stated supra, as a local law, it is not necessary to further discuss this phase of the case. The Act of September 15, 1939, Local Acts 1939, p. 273, being sustained, repealed the Loc. Act of 1932, Ex. Sess. p. 23, which leaves Mobile County without a matron for the county jail, unless the General Act of 1931, p. 45, is effective.

In State ex rel. Holcombe, Sheriff, v. Mobile County et al., 238 Ala. 656, 193 So. 315, 316, it is declared:

"The provisions of Local Act No. 87, approved October 12, 1932, Acts 1932, Extra Session, p. 33, do not conflict with the provisions of said General Act No. 385, and therefore said act did not replace said General Act No. 385, but at most suspended the operation of said General Act in so far as it related to Mobile County, substituting the rule of the Local Act. The Legislature had the power to so suspend the general law. Constitution 1901, Article 1, § 21; Pitts v. Culpepper et al., 229 Ala. 449, 157 So. 841.

"The express repeal of said Act No. 87, by Local Act No. 322, approved September

1, 1939, removed said local act from the field and left that field to the general law. Act No. 385.

"This is the logic·of the opinion of the court in Cook, County Treasurer, v. Burke, Judge, 177 Ala. 155, 58 So. 984, holding there was no difference in legal effect in an act repealing a local law, so as to leave the field to the general law, and an act repealing such local law and re-enacting the general law. See Pitts v. Culpepper et al., supra.

"Section 4 of Act No. 385 (Gen.Acts 1931, p. 455) provides that: 'The Board of County Commissioners, Board of Revenue and Road Commissioners, or like body, in all such Counties is *hereby directed* and authorized to purchase such automobile and other equipment, including supplies, such as gasoline, oils, greases, tools, and other apparatus *necessary* in the operation and maintenance of such automobiles or other equipment as may be *requisitioned by the Sheriff* for the use of the patrolmen appointed and employed under the provisions of this Act, and to keep said automobiles and other equipment in proper repair.' [Italics supplied.]"

The effect of the decision of Wallace v. Bradshaw, 54 N.J.L. 175, 23 A. 759, and to the same effect our case of State ex rel. Holcombe, Sheriff, v. Mobile County et al., supra (from which we have quoted above), bring us to the conclusion that the last expression of this court as to the application of the General Act of February 13, 1931, Gen.Acts 1931, p. 45, is correct; that the same remains in full force and effect in Mobile County; and that for the reasons stated by the New Jersey court in construing a constitution in like terms as those contained in Section 45 of the Constitution of this State, said act (General Act of February 13, 1931, p. 45) is effective and operative in Mobile County and does not offend the provisions of our organic law.·

The cases of Cook, County Treasurer,˙v. Burke, Judge, 177 Ala. 155, 58 So. 984, and Pitts v. Culpepper et al., 229 Ala. 449, 157 So. 841, were correctly interpreted and applied by Mr. Justice Brown in the case of State ex rel. Holcombe, Sheriff, v. Mobile County et al., 238 Ala. 656, 193 So. 315. It will be noted that the Cook case, supra, cites the case of Maxwell v. State, 89 Ala. 150, 7 So. 824. To illustrate that the decisions in the cases cited above are not in conflict with the rule we now announce

and apply, it is well to note that there are expressions in the Cook case, supra, contrary to the view we now entertain. We are not disposed to overrule the recent decision of this court in the case of State ex rel. Holcombe, Sheriff, v. Mobile County et al., supra, to give force and effect to the Cook case, supra. This is decisive of the instant question in favor of the petitioner here, and that she was and is entitled to recover the salary of $150 per month for the time indicated in her petition. Such in effect is the decision of the trial court.

The supersedeas bond given and approved was sufficient to effectuate the appeal, and to give this court jurisdiction in the premises. Dortch Baking Co. v. Schoel, *239 Ala. 266, 194 So. 807.*

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER, BROWN, and FOSTER, JJ., concur.

BOULDIN and KNIGHT, JJ., dissent.

On Rehearing.

THOMAS, Justice.

On original consideration of this case we took into account four separate and distinct legislative acts dealing with the office or employment held by the appellee and to enforce payment of compensation for which she instituted this proceeding. Soon after announcing our decision there came to our attention still another act upon the subject, and the case was placed upon the rehearing docket for further consideration. Instead of two kindred acts passed by the Legislature of 1939, there were three. When the proceeding was˙ instituted in the court below the Acts of 1939 were printed only in pamphlet form, and all references to them in pleadings and in brief of counsel were necessarily made by number. In the confusion of numbers, the writer overlooked the Act approved August 24, 1939, now published in the bound volume of General Acts of 1939, at page 422.

In order to understand the questions now involved and at the expense of repetition, we synopsize the legislative history of the appellee's office or employment and compensation therefor.

1. By the general act approved February 13, 1931, General Acts 1931, p. 45, provision was made for appointment by the sheriff and compensation for a matron at the county jail in counties having a population of not less than one hundred thousand and not more than three hundred thousand, which embraced Mobile County.

2. By the local act approved October 7, 1932, Local Acts Ex.Session, 1932, p. 23, provision was made for a matron at the Mobile County jail, the appointment being made by the sheriff. This *local act* repealed and superseded the *general act of 1931, supra,* insofar as Mobile County was concerned.

3. By the alleged general act approved September 15, 1939, General Acts 1939, p. 681, provision was attempted to be made for a matron at the county jail in counties having a population of not less than one hundred thousand and not more than three hundred thousand, appointment to be made by the governing board of such counties. In our original opinion, supra, we declared that said act was not only local in application, but in view of the peculiar circumstances (indicated in Section 5) could only apply during its life to Mobile County, and the required constitutional provisions as to notice not having been complied with, it was unconstitutional and void.

4. By the local act approved September 15, 1939, Local Acts 1939, p. 273, the *local act* approved October 7, 1932, was expressly repealed. Such was our holding of the effect of the local act repealing the local act of 1932.

Upon the basis of the abovementioned four acts, we reached the conclusion stated in the original opinion, viz.: that the general act of February 13, 1931, survived as being applicable to all counties within the classification therein fixed, including Mobile, and was the governing law of the case in hand. These four acts were considered as a part of a temporary legislative program to extend to December 1, 1940.

5. By the general act approved August 24, 1939, General Acts 1939, p. 422, the general act approved February 13, 1931, was expressly repealed.

The situation is this: The general act of 1931 (p. 45, Acts) having been repealed by the general act of 1939 (p. 422, Acts), there was no general law upon the subject until the passage and approval of the Act of September 15, 1939 (p. 681, Acts). Said act of September 15, 1939, being condemned as violative of Section 106 of the Constitution, there remained no general law upon the subject. We adhere to the conclusion originally stated, as to unconstitutionality, with respect to said act of September 15, 1939. The local act approved October 7, 1932, having been expressly repealed by the local act approved September 15, 1939, there is no applicable local law.

The appellee renews here the insistence that all three of the acts passed at the 1939 session of the Legislature are to be construed together as constituting a single legislative scheme. Without questioning the soundness of our holding that the alleged general act of September 15, 1939, is void, it is argued that the two remaining acts would not have been passed without the act so condemned, that the invalidity of the one affects them all, and that all three 1939 acts must fall, leaving the local act approved October 7, 1932, as the law governing the controversy.

On the original consideration we gave attention to this insistence, in part, declining to accede thereto. The Court held that there was a field of operation for each of the two acts considered, and that the local act did not fall with the condemnation of the general act. As to this we are not persuaded against the soundness of the conclusion reached on original consideration. What was there said with respect to the local repealing act (p. 273, Local Acts 1939) applies with equal force to the general repealing act (p. 422, General Acts 1939). There is a field of operation for both, and both stand unimpeached.

It results, therefore, that there is no existing law, general or local, to which the appellee, petitioner below, may point as authority for her right to the peremptory writ requiring the respondents to draw a warrant in her favor, and the judgment of the circuit court was laid in error.

The judgment of the circuit court is reversed, and a judgment is here rendered denying the writ of mandamus prayed and dismissing the petition.

Application for rehearing granted.

Reversed and rendered.

All the Justices concur.