12 So.2d 340

**STATE ex rel. HYLAND v. BAUMHAUER et al.**

I Div. 417.

Court of Appeals of Alabama.

Oct. 27, 1942.

Rehearing Denied Jan. 19, 1943.

**36**

M. F. Dozier, Winston F. Groom, and Dan T. McCall, Jr., all of Mobile, and C. L. Hybart, of Monroeville, for appellant.

Harry Seale, of Mobile, for appellees.

PER CURIAM.

Relator was a policeman of the City of Mobile and during a certain period of his tenure of service was paid only a portion of the salary stipulated by the hereinafter cited Act of the Legislature. This suit is for the balance due thereunder.

Pursuant to the statute, this Court addressed the following certification to the Supreme Court:

"Predicate for recovery * * * involves the validity of the Act of the Legislature, H. 435, passed over the Governor's veto, May 26, 1931, found in General Acts, Regular Session 1931, pages 256 and 257 [Code 1940, Tit. 62, § 461]. This court entertains the opinion that the said Act is unconstitutional, but is without authority to so declare, hence the question is presented to your court for determination. (Code 1940, Title 13, Section 87.)"

The foregoing inquiry was responded to by the Supreme Court as follows:

"In answer to your * * * inquiry, we agree with you that the Act passed over the Governor's veto May 26, 1931, to which you refer in that inquiry is a local act under section 110, Constitution, since it is a designation of Mobile in substance as the only city to which it may ever apply, and is therefore subject to section 106, Constitution, if it is not included in section 104 (18). Whether it violates section 104 (18) is not now considered. Mobile County v. State ex rel. Cammack, 240 Ala. 37, 197 So. 6.

"'The provisions of this Act to the extent that they appear in the Code of 1940, Title 62, section 461, are made effectual by the adoption of the Code as of May 31, 1941. Dillon v. Hamilton, 230 Ala. 310, 160 So. 708; Brandon v. State, 233 Ala. 1, 173 So. 238."

The questioned Act was passed under the guise of a general law, without due publication of notice of intention to apply for its passage, and therefore violated the Constitutional provision aforesaid. Section 106. No recovery being due thereunder, the relator's petition is not well taken. A judgment is here rendered in favor of the respondents.

Reversed and rendered.