WRIGHT, Presiding Judge.
This case arises from the decision of ap-pellees as members of the Board of Managers of the City of Birmingham Retirement and Relief System to deny an extraordinary disability allowance to C. D. Norris, Jr. The Circuit Court upheld that decision on mandamus. We affirm.
Appellant Norris was employed by the City of Birmingham as a fireman for almost 30 years. On October 3,1973, he applied to the Board of Managers for an extraordinary disability allowance. The Board denied his request on October 10. Norris was later granted an ordinary disability allowance. On January 7, 1974, Norris petitioned the circuit court for a writ of mandamus to review the decision denying extraordinary benefits. Appendix, Sec. 1557, Code of Alabama (1940) (Recomp.1958) (Supp.1973). The case proceeded to trial before the judge sitting without a jury on August 2, 1976. Judgment that the decision of the Board of Managers was manifestly correct was entered by the court along with the following findings: that appellant’s disability resulted from the condition developed over a long period of time; that the condition was not caused by an accident occurring at a definite time and place and arising out of and in the course of employment. From that judgment and its findings Norris appeals.
Norris is entitled to an extraordinary disability allowance only if he applies therefor within 12 months of an accident, arising out of and in the course of employment, which resulted in total disability to perform his customary duties. Appendix, Sec. 1567(al3).
For four months prior to June of 1972, Norris experienced chest pains whenever he was involved in strenuous exercise at home or at work. At that time a cardiologist determined that he was suffering from angina pectoris and myocardial ischemia. During the week of April 13-16, 1973, he assisted in a seminar for visiting fire chiefs. His duties included entertaining the visitors, showing fire department facilities and printing program materials. When the seminar ended, he returned to work as a fire fighter for a complete 24-hour shift during which nothing unusual happened. On April 19 at 1:30 A.M. severe chest pains roused him from his sleep at home. It was later determined that he had suffered an acute myocardial infarction. He was also found to be suffering from arteriosclerosis which had almost completely stopped the flow of blood through one artery. Utilizing accumulated sick leave and vacation time, he did not return to work before he retired on October 31, 1973.
*1163 Appellant’s first issue is whether the trial court erred in concluding his disability was not caused by an accident arising out of and in the course of employment. Appellant contends his disability resulted from the April 19 heart attack and that it was an accident under Sec. 1567(al3).
Sec. 1567(al3) states:
“In the event a participant shall become totally disabled to perform his customary duties by reason of personal injury received as a result of an accident arising out of and in the course of the employment in the service and occurring at a definite time and place, then in the event such total disability shall continue until the participant ceases to draw salary as an employee of the city such disabled participant shall be entitled to a monthly allowance from the fund equal to seventy percent (70%) of his monthly salary at the time of the accident which resulted in such total disability.”
While there was evidence that Norris engaged in activity related to his job prior to April 19 which caused fatigue, the testimony of his physician was that the myocardial infarction resulted from progressive heart disease. We cannot say the trial court was plainly and palpably wrong in its finding that appellant’s disability was the result of a condition which had progressed over a long period of time. Appellant failed to prove a causal connection between his employment and his heart attack. See City of Tuscaloosa v. Howard, 55 Ala.App. 701, 318 So.2d 729 (1975).
Sec. 1567(al4) states:
“With respect to extraordinary disability allowances, hypertension, heart disease or respiratory disease shall not be considered as caused by accident so as to entitle a participant to an extraordinary disability allowance, nor shall any participant or any other person claiming under or by reason of relationship to a participant be entitled to an extraordinary disability allowance as a result of disability caused by hypertension, heart disease or respiratory disease, any other law, general or local, to the contrary notwithstanding.”
We find Sec. 1567(al4) was properly applied to deny extraordinary benefits to appellant because his disability was the result of progressive heart disease.
Appellant’s second issue is whether the operation of the exclusionary clause of Sec. 1567(al4) as set out above denied him equal protection of the law in light of Tit. 37, Sec. 450(4).
That section states:
“(4) If a fire fighter who qualifies for benefits under the provisions of this section suffers disability as a result of a fire fighter’s occupational disease [i. e., any condition or impairment of health caused by hypertension, heart disease or respiratory disease] his disability shall be com-pensable the same as any service connected disability under any law which provides benefits for fire fighters of such city injured in the line of duty.” No. 570 [1967] Ala.Acts 1323-24.
In 1969 the legislature amended the pension law for cities over 250,000 in population and included an exclusionary provision which was the predecessor of Sec. 1567(al4). Sec. 3, Act No. 1209, [1969] Ala.Acts 2265-67. This provision was continued unchanged in the 1971 revision. Sec. 3, Act No. 1214, [1971] Ala.Acts 2126-28. It was slightly changed in 1973 into the form found in Sec. 1567(al4), but not materially altered. Art. VI, Sec. 9, Act No. 1272, [1973] Ala.Acts 2143-44. In 1975 the exclusionary provision was repealed. Sec. 8, Act No. 791, [1975] Ala.Acts 1594-95.
Appellant contends the effect of these statutes is to arbitrarily create a class of firemen in Birmingham (the only city to which Sec. 1567(al4) was applicable) to whom the provisions of Sec. 450(4)(4) do not apply. He contends this class consists of those firemen retiring after the effective date of Act 570 but while the exclusionary provision was in effect between 1969 and 1975.
Appellant misstates the class to which Sec. 1567(al4) applies. It covers not only firemen but all municipal employees who *1164 participate in the system. Secs. 1546,1559-66.
The legislature has the right to create a comprehensive pension system for cities over 250,000 in population and to treat all municipal employees similarly in the administration of that system. We do not find the classification made by the legislature to be either arbitrary or unreasonable. Thus the operation of the statute does not deny appellant equal protection of the law. Board of Trustees of Employees’ Retirement System of City of Montgomery v. Talley, 291 Ala. 307, 280 So.2d 553 (1973); State v. Pure Oil Co., 256 Ala. 534, 55 So.2d 843 (1952); Woco Pep Co. v. City of Montgomery, 213 Ala. 452, 105 So. 214 (1925).
Appellant’s third issue is whether the enactments of the pension law to the extent they contained the exclusionary provision violated Sec. 45 of the constitution in that the partial repeal of Tit. 37, Sec. 450(4) is not stated in the title.
The pension laws are general acts of local application. Such acts based on population classification are considered as if they were local laws although general in form. Connor v. State on Information of Boutwell, 275 Ala. 230, 153 So.2d 787 (1963); Donoghue v. Bunkley, 247 Ala. 423, 25 So.2d 61 (1946).
Both Sec. 1567(al4) and Sec. 450(4) relate to benefits accruing from service connected disability which has resulted from hypertension, heart disease or respiratory disease. Sec. 1567(al4) creates an exception to the operation of the conflicting provisions of Sec. 450(4) in cities over 250,000 in population. Thus to the extent of the re-pugnancy Sec. 1567(al4) repeals by implication the general law in the territory in which the local law is operative. Pitts v. Culpepper, 229 Ala. 449, 157 So. 841 (1934); 82 C.J.S. Statutes § 299.
The title to Act 1272 states:
“To amend Act No. 929 of the Regular Session of the Legislature of Alabama of 1951, approved September 12, 1951 (General Acts of Alabama 1951, page 1579, et seq.) entitled as amended “An act to create or provide in or for each and every city of the State of Alabama having a population of two hundred and fifty thousand or more inhabitants according to the last or any succeeding federal census a pension and relief or retirement and relief system for officers and employees of such city and their widows and children; to make the provisions of such system retrospective as well as prospective; and, subordinately, to define officers and employees of "the Board of Health of any county in which any such city may be located as officers and employees of such city for the purpose of retrospective and prospective application of the terms or provisions of such system; to make the provisions of such system applicable on and after September 1, 1969, to classified service employees of the Civil Defense Agency whose territorial jurisdiction or responsibilities include the territory of any such city, and to provide membership in the system for certain employees of a Civic Center Authority in any county in which any such city may be located.’ ”
We see no need to set out the titles to Acts 1209 and 1214 as they do not materially differ.
The subject of this act is expressed in general terms. To make a complete enactment it was necessary to set different qualifications for disability allowances that were service-connected from those that were not. We find the exclusionary provision of Sec. 1567(al4) is included within and authorized by the title. Thus it does not violate Sec. 45 of the Constitution. Dearborn v. Johnson, 234 Ala. 84, 173 So. 864 (1937).
Appellant also contends the pension laws as local laws violate Secs. 105 and 106 of the Constitution. Sec. 105 does not inhibit the passage of local laws on subjects not prohibited by Sec. 104 of the Constitution merely because the local law is different and works a partial repeal of the general laws of the state in the territory affected. Johnson v. State ex rel. City of Birmingham, 245 Ala. 499, 17 So.2d 662 (1944); Talley v. Webster, 225 Ala. 384, 143 So. 555 *1165 (1932). Neither do we find a violation of Sec. 106. We assume the legislature acted in good faith in creating this classification of pension laws for cities of over 250,000 people. Cobbs v. Home Ins. Co. of New York, 18 Ala.App. 206, 91 So. 627, cert. denied 207 Ala. 712, 91 So. 922 (1921). Based upon a substantial difference in population, it provides a reasonable basis for a difference in legislation concerning classifications. Dearborn v. Johnson, supra.
Appellant’s fourth issue is whether the trial court erred in excluding evidence that other Birmingham municipal employees disabled by heart attacks did receive extraordinary disability benefits.
Certainly one may prove denial of equal protection in the operation and administration of a statute as well as on its face. Norris v. Alabama, 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074 (1935).
Appellant failed to show in his offer of proof to the court that these other employees were similarly situated. In brief he discusses three cases which he offered. In one the trial court specifically found the disability did not come within the exclusionary provision of Sec. 1567(al4). In the other two it appears the individuals retired prior to the effective date of the exclusionary provision in 1969. Even had these cases been admitted, we find them unpersuasive because of substantially different facts. Appellant has introduced no evidence nor offered any proof that any other individual who retired while the exclusionary provision was in effect was awarded extraordinary benefits even though his disability was the result of heart disease. He has failed to meet his burden of proof. Board of Trustees v. Talley, supra.
Upon due consideration of the various objections raised by appellant, we affirm the judgment of the trial court that the decision of the Board of Managers was not plainly and manifestly wrong.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.