INGRAM, Judge.
On July 29, 1987, the circuit court of Montgomery County, following an ore ten-us hearing, issued an order finding, inter alia, that Carol Ann Roy Lemon, appellant, had violated the court’s order of January 1985, and was in contempt of court. Mrs. Lemon filed several post-judgment motions, which were denied by the trial court. The appellant then filed in this court a motion in arrest of judgment or for writ of prohibition to prohibit the order of July 1987 from being enforced.
The ground alleged by the appellant supporting the motions in arrest of judgment and for writ of prohibition is that the judicial proceedings in the lower court were held at an improper place. Therefore, as the place of holding court is a jurisdictional matter, the trial court’s judgment was void.
The issue is whether or not the trial of July 29, 1987, at the recently completed Montgomery County Courthouse was held at a proper courthouse, according to the laws of this state.
The appellant argues that each county is to have but one courthouse, unless there is some legislative action dividing the territory of a circuit court. We agree that in Alabama, where the jurisdiction of a circuit court has been divided into territories to be serviced by separate courthouses within that territory, there has been action by the Alabama legislature. See, Lowery v. State, 103 Ala. 50, 15 So. 641 (1894); Triest v. Enslen, 106 Ala. 180, 17 So. 356 (1895). However, in the case at hand, the jurisdiction of the Montgomery County circuit courts has not been divided. Instead, a new courthouse has been constructed in close proximity to the existing one, and county office space has been allocated between the two buildings. No special legislation was needed to allow courts and offices to occupy the new courthouse building. Section 11-3-11, Code 1975, is long-standing legislation which is sufficient in this case.
Section 11-3-11 reads in pertinent part:
“(a) The county commission shall have authority:
*1363 “(1) To direct, control and maintain the property of the county as it may deem expedient according to law, and in this direction and control it has the sole power to locate the courts in the rooms of the courthouse and to designate the rooms to be occupied by the officers entitled to rooms therein, including the circuit judge if resident in the county, and to change the location of the courts and the designation of the rooms for officers as it may deem best and most expedient, and this shall be done by order of the county commission entered upon the minutes of the county commission at a regular meeting of the county commission. In the event the courthouse is inadequate to supply office rooms for such officers, the county commission may lease such office rooms in a convenient location in the county site and pay the rental from the county fund.”
This statute clearly provides that the county commission has the sole authority to determine the location of the courts. The Montgomery County Commission exercised this authority at its regular meeting on June 29,1987, when it adopted a motion or resolution designating both the building located at 251 South Lawrence Street and the one at 142 Washington Avenue as the Montgomery County Courthouse. This designation was prior to the date of the proceedings in the instant case. We therefore deny appellant’s writ of prohibition and motion for alternative relief.
WRIT DENIED.
BRADLEY, P.J., and HOLMES, J., concur.